UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------ x

SAGECREST II, LLC

                   Plaintiff,

               v.

ACG CREDIT COMPANY II, LLC,
ACG FINANCE COMPANY, LLC,
FINE ART FINANCE, LLC, ART CAPITAL
GROUP, LLC, ART CAPITAL GROUP, INC.,
ACG CREDIT COMPANY, LLC, and IAN S.
PECK,

                   Defendants.

------------------------------------------------------------------ x

Case No. 3:13-mc-00061-SRU

**FOURTH MOTION**
**FOR AN EXTENSION OF TIME**

May 31, 2013

       Pursuant to Federal Rules of Civil Procedure 12 and Local Rule 7(b), Plaintiff

John D. Huber, as Trustee of the SageCrest Liquidating Trust, the assignee of all of the assets of

SageCrest II, LLC, respectfully moves for an extension of time to oppose Defendants' motion to

withdraw the reference until ten (10) days after the motion to transfer Case No. 3:13-mc-00060-

WWE (the "Assigned Loan Action") to this Court is decided.  The reason for the request is that

the parties agreed to file a motion to transfer the Assigned Loan Action to this Court and the

assignment of that case to this Court will permit the conservation of judicial resources and

eliminate any chance of inconsistent rulings.  Attached is a  copy of the motion to transfer.

       Pursuant to Local Rule 7(b)3, the undersigned counsel attempted to further

consult with counsel for Defendants on May 29, 2013 and May 31, 2013 regarding this motion,

and Defendants' counsel did not respond to any emails or voicemail messages.  In prior

conversations, Defendants' counsel had agreed to filing a motion to transfer and awaiting a

ruling before the parties engaged in further motion practice relating to the motion to withdraw

1

the reference.  This is the fourth motion filed requesting an extension of time to oppose

Defendants' motion to withdraw the reference.

Dated: New York, New York
       May 31, 2013

Respectfully submitted,

**PLAINTIFF JOHN D. HUBER, as Trustee of the SageCrest Liquidating Trust**

By:      / s / James Berman
         James Berman (ct06027)

For   ZEISLER & ZEISLER P.C.
      558 Clinton Avenue
      Bridgeport, Connecticut 06605
      Telephone: (203) 368-4234
      jberman@zeislaw.com

      – and –

      Robert S. Friedman (admitted *pro hac vice* in Adversary Proceedings)
      Mark E. McGrath (ct28814)
      SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      30 Rockefeller Plaza
      New York, New York 10112
      Telephone:  (212) 653-8700
      mmcgrath@sheppardmullin.com

SMRH:200869731.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2013, I caused a copy of the foregoing to filed electronically and served by mail on any person unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any person unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

By:   / s / James Berman
          James Berman

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------ x

SAGECREST II, LLC
                               Plaintiff,

                   v.

IAN S. PECK, ACG CREDIT COMPANY II LLC,
ACG FINANCE COMPANY, LLC, FINE ART
FINANCE LLC, ART CAPITAL GROUP, LLC,
ART CAPITAL GROUP INC., and ACG CREDIT
COMPANY, LLC,

                         Defendants.
------------------------------------------------------------------ x

Case No. 3:13-mc-00060-WWE

May 31, 2013

## JOINT MOTION TO TRANSFER

Plaintiff John D. Huber, as Trustee of the SageCrest Liquidating Trust as assignee of all of the assets of SageCrest II, LLC ("Plaintiff"), and Defendants Ian S. Peck, ACG Credit Company II, LLC, ACG Finance Company, LLC, Fine Art Finance, LLC, Art Capital Group, LLC, Art Capital Group, Inc., and ACG Credit Company, LLC (collectively, "Defendants") respectfully move this Court to transfer this action to the Honorable Stefan R. Underhill because another action pending between the parties (the "2-Year Note Action") has been assigned to Judge Underhill.  The 2-Year Note Action is currently the active litigation between the parties, and the Action before this Court, the "Assigned Loan Action," has been stayed pursuant to an Order of the Honorable Alan H. W. Shiff.

Plaintiff commenced this action on January 20, 2009 in the Supreme Court of the State of New York, County of New York.  This action is known by the parties as the Assigned Loan Action because it relates to, inter alia, an obligation to pay over $6.7 million to Plaintiff, which obligation was secured by the assignment of six loans.  On June 3, 2010, Plaintiff

commenced the 2-Year Note Action against Defendants relating to another obligation, a two-year note that was payable on or before May 19, 2010, in the United States Bankruptcy Court for the District of Connecticut.  That action was assigned Adv. Proc. No. 10-05042.  After certain motions were heard in June 2010, Defendants removed the Assigned Loan Action from New York Supreme Court and the parties ultimately filed joint motions to have the action transferred to the Connecticut and then consolidated for discovery  purposes only with the 2-Year Note Action.  The Assigned Loan Action was assigned Adv. Proc. No. 10-05066.  Thereafter, both actions proceeded before Judge Shiff.

By Order dated October 23, 2012, Judge Shiff stayed the Assigned Loan Action at Plaintiff's request and set the 2-Year Note Action for trial on May 1, 2013.  On April 4, 2013, less than one month before the trial date, Defendants filed a motion to withdraw the reference. Upon the filing of that motion, the Assigned Loan Action, which is stayed, was assigned to this Court and the 2-Year Note Action was assigned to Judge Underhill under Case No. 3:13-mc-00061-SRU.

The parties believe that this action should be transferred to Judge Underhill so that he can decide the motion to withdraw the reference.  In particular, the 2-Year Note Action is the active action between the parties, and, pending the resolution of certain discovery-related disputes, is ready for trial.  By contrast, the Assigned Loan Action is stayed, and may require substantial discovery before it would be ready for trial.  Thus, transferring this action to Judge Underhill would promote judicial efficiency, conserve judicial resources, and eliminate any chance of inconsistent rulings.

The undersigned counsel consulted with counsel for Defendants regarding this motion, and Defendants consented to the transfer.  The parties contacted Judge Underhill's clerk on May 17, 2013 and were directed to file this motion by May 31, 2013.  The parties also attempted to contact this Court on May 17, 2013 but were unable to do so.  The undersigned counsel provided a draft of this motion to Defendants' counsel on May 29, 2013 and has followed-up with telephone calls and emails seeking an answer to whether this draft is acceptable.  To date, we have not received comments or objection to the language in this motion.

Dated: New York, New York
      May 31, 2013

Respectfully submitted,

**PLAINTIFF JOHN D. HUBER, as Trustee of the SageCrest Liquidating Trust**

By:   / s / James Berman

     James Berman (ct06027)

For  ZEISLER & ZEISLER P.C.
558 Clinton Avenue
Bridgeport, Connecticut 06605
Telephone: (203) 368-4234
jberman@zeislaw.com

– and –

Robert S. Friedman (admitted *pro hac vice* in Adversary Proceedings)
Mark E. McGrath (ct28814)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
mmcgrath@sheppardmullin.com