UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAGECREST II, LLC,<br><br>       Plaintiff,<br><br>    vs.<br><br>IAN S. PECK, ACG CREDIT COMPANY II LLC, ACG FINANCE COMPANY, LLC, FINE ART FINANCE LLC, ART CAPITAL GROUP, LLC, ART CAPITAL GROUP INC., and ACG CREDIT COMPANY, LLC,<br><br>       Defendants. | Case Nos.<br><br>3:13-mc-00060-SRU<br><br>3:13-mc-00061-SRU<br><br>3:13-cv-973-SRU<br><br>3:13-cv-974-SRU |
| SAGECREST II, LLC,<br><br>       Plaintiff,<br><br>    vs.<br><br>ACG CREDIT COMPANY II, LLC,<br>ACG FINANCE COMPANY, LLC,<br>FINE ART FINANCE, LLC, ART CAPITAL GROUP, LLC, ART CAPITAL GROUP, INC., ACG CREDIT COMPANY, LLC, and IAN S. PECK,<br><br>       Defendants. | NOVEMBER 21, 2013 |

## MOTION FOR EXTENSION OF TIME

  Pursuant to Local Rule 7(b), Defendants and Counterclaim Plaintiffs Ian S. Peck ("Peck"), ACG Credit Company II LLC ("ACG II"), ACG Finance Company, LLC ("ACG Finance"), Fine Art Finance LLC ("Fine Art Finance"), Art Capital Group, LLC, Art

1

Capital Group Inc., and ACG Credit Company, LLC (collectively, the "Defendants"), hereby move for an extension of time of the trial date of four months' time, from March 3, 2014 to July 3, 2014 for the following reasons:

1. The present action consists of two adversary proceedings filed by the Plaintiff against the Defendant which were withdrawn from the District of Connecticut Bankruptcy Court in April 2013 and consolidated in June 2013.

2. Case docket no. 3:13-cv-973-SRU (formerly 3:13-mc-00060-SRU) is the bankruptcy adversary proceeding formerly known as 10-05066 (the "Assigned Loans Case"). In the Assigned Loans Case, Plaintiff seeks to enforce against each of the Defendants an alleged $6.7 million obligation made by ACG-II pursuant to a So-Ordered Settlement Stipulation entered on or about May 19, 2008 (the "So-Ordered Settlement Stipulation"). Defendants filed counterclaims in the Assigned Loans Case.

3. Case docket no. 3:13-cv-974-SRU (formerly 3:13-cv-mc-00060-SRU) is the bankruptcy adversary preceding formerly known as 10-5042 (the "Two-Year Note Case"). In the Two-Year Note Case, Plaintiff seeks to enforce, against each of the Defendants, a promissory note in the amount of $4.425 million made by ACG-II in connection with the So-Ordered Settlement Stipulation. Defendants also filed counterclaims in the Two-Year Note Case. The counterclaims in the Two-Year Note Case are the same as the counterclaims in the Assigned Loans Case and, in part, relate to Plaintiff's violations of Article 9 of the Uniform Commercial Code and Plaintiff's failure to pay arranger's fees to Defendant Fine Art Finance.

4. On September 19, 2012, the Court (Shiff, M.J.) held a conference on both the Two-Year Note Case and the Adversary Proceeding Case, and issued a written

order in connection with that conference on October 23, 2012 (Doc. 267 in Case 10-05042) (the "Order"). The Order states that:

> Plaintiff's counsel requested that the Assigned Loan Proceeding be stayed for numerous reasons. Defendants' counsel did not object to the stay provided that Defendants would be able to prosecute their counterclaims. Plaintiff's counsel did not object to lifting the automatic stay to permit Defendants to prosecute their counterclaims except that Plaintiff's counsel did object to the prosecution of certain counterclaims that relate to the alleged mismanagement of the assigned loans because such counterclaims are not related to the claims asserted in the 2-Year Note Proceeding. Rather than rule on that issue at this time, the Court will stay the Assigned Loan Proceeding. The automatic stay is hereby lifted to permit Defendants to prosecute their counterclaims but Defendants' counterclaims are subject to any and all defenses, objections, or argument that are not based upon the automatic stay.

5. The Order clearly stayed the Assigned Loans Case while allowing Defendants' to prosecute all of their counterclaims in the Two-Year Note Case, including those which related to the Assigned Loans.

6. On October 18, 2012, the Two-Year Note Case was scheduled for trial on May 1, 2013 through May 3, 2013.

7. In January and February 2013, counsel for Defendants requested that Plaintiff supplement its document production in response to all of the requests issued by Defendants, and without limiting Defendants' obligations to supplement their production pursuant to Fed. R. Civ. P. 26(e), Defendants further identified certain requests for which Plaintiff should provide supplemental production.

8. In a telephone call on February 20, 2013, Attorney Mark McGrath ("Attorney McGrath"), counsel for Plaintiff, indicated to Defendants' counsel (Cohen and Wolf, P.C.) for the first time that he believed that Defendants' counterclaims in the Two-

Year Note Case were stayed to the extent that the counterclaims related to the Assigned Loans. Counsel for Defendants advised Attorney McGrath that there was no order staying any portion of the Defendants' counterclaims and that, pursuant to Fed. R. Civ. P. 26(e), Plaintiff was required to supplement its production related to the Defendants' counterclaims. Attorney McGrath then asked for Defendants' consent to stay Defendants' counterclaims in the Two-Year Note Case to the extent that they related to the Assigned Loans. Defendants' counsel did not agree to that request.

9. On March 4, 2013, <u>the day of the discovery deadline</u>, Plaintiff finally supplemented its responses to Defendants' discovery requests, which were over <u>two years old</u>, producing nearly 2,000 pages of documents in that supplemental production.

10. On March 5, 2013, Defendants' counsel sent an email to Plaintiff's counsel which, *inter alia*, asked Plaintiff's counsel to confirm by noon on March 6, 2013 whether or not his client had withheld any documents in its custody, possession or control related to the Assigned Loans and Defendants' counterclaims.

11. On March 6, 2013, Attorney McGrath replied stating:

> On February 20th, we informed you that we would not be producing documents that relate to the serving of the Assigned Loans because that action was stayed and those loans are not relevant to the 2-Year Note Action. In addition, Plaintiff's actions since 2010 relating to those loans are largely documented in publicly-available court files.
>
> Rather than waste the Court's time and party resources, we suggest that Defendants adhere to their obligations to not multiply the proceeds and agree that the counterclaims relating to the Assigned Loans be tried when and if the Assigned Loan Proceeding goes to trial. We are available to discuss such a process and believe that it [sic] consistent with the purpose of the stay of the Assigned Loan Proceeding.

12. On March 8, 2013, Defendants filed a Motion to Compel (Doc. No. 289) which sought, *inter alia*, to compel Plaintiff to produce documents and electronically stored information responsive to Defendants' discovery requests dated July 28, 2010, October 13, 2010, and October 18, 2010 (the "Motion to Compel"), specifically relating to the documents Plaintiff was withholding related to the Assigned Loans and Defendants' counterclaims.

13. Also on March 8, 2013, after Defendants filed their Motion to Compel, Plaintiff filed a "Motion for Order to Dismiss Certain of Defendants' Counterclaims" (Doc. No. 291) (the "Plaintiff's Motion to Dismiss").  Plaintiff's Motion to Dismiss sought to dismiss Defendants' counterclaims in an end-run around Plaintiff's discovery obligations and the Motion to Compel.

14. In the spring of 2013, Defendants' counsel suggested to Plaintiff's counsel that the reference of the Two-Year Note Case to the bankruptcy court should be withdrawn, as a decision by the bankruptcy court in the Two-Year Note Case would be subject to *de novo* review in the District of Connecticut.  Plaintiff's counsel refused to agree on a consensual transfer to the District of Connecticut, which would force Defendants to litigate the claims in the Two-Year Note Case <u>twice</u> – once before the bankruptcy court and then on a *de novo* basis in the District of Connecticut.

15. Also in the spring of 2013, and since the involvement of Cohen and Wolf, P.C. in this case from November 2012 to the present, Defendants have repeatedly offered to resolve all of the issues among the parties in binding arbitration in an expedient and cost effective manner, which Plaintiff has continuously refused.

16. Rather than litigate the Two-Year Note Case twice, on April 5, 2013, Defendants filed Motions to Withdraw the Reference in both the Two-Year Note Case and the Assigned Loans Case.

17. On July 1, 2013, the Court (Underhill, J.) held a scheduling conference call with counsel in this consolidated case, granted the Motions to Withdraw the Reference, and scheduled trials in both the Two-Year Note Case and Assigned Loans Case to begin on March 3, 2014.

18. In that July 1, 2013 conference call, Plaintiffs' counsel stated that Plaintiff would produce all documents responsive to the Motion to Compel by August 15, 2013 (the "Responsive Documents"). Based on the expectation that all documents responsive to the Motion to Compel would be produced by August 15, 2013, Defendants agreed to the Court's suggestion of a March 3, 2014 trial date.

19. Plaintiff did not produce the Responsive Documents, or any documents, on or before August 15, 2013. In fact, Plaintiff did not produce any of the Responsive Documents until September 27, 2013 when it produced 8,430 pages of documents.[1] Plaintiff subsequently produced another 14,694 pages of documents on October 7, 2013 and another 1,275 pages on October 8, 2013. Thus, in late September and early October 2013, Plaintiff produced a total of **24,399** pages of documents to Defendants, many of which date back to 2011.

20. Defendants had no reason to anticipate that Plaintiff had been withholding such a massive document production when Defendants agreed to the Court's

---

[1] This total does not include native documents, such as Microsoft Excel spreadsheets, which were not converted into .TIFF format and Bates stamped. Accordingly, the actual number of pages is more significant when accounting for the additional pages of native documents.

suggestion that the trial in both the Two-Year Note Case and the Assigned Loans Case begin on March 3, 2014.

21. Based on Plaintiff's late and extremely voluminous production of documents, good cause exists for this Court to extend the trial date four months, from March 3, 2014 to on or about July 3, 2014.

22. On November 15, 2013, Defendants inquired of Attorney McGrath to determine Plaintiff's position on this motion. On November 18, 2013, Attorney McGrath advised that Plaintiff objects to this motion.

23. This is the first motion regarding the deadline that is the subject of this motion.

          Respectfully submitted,

          THE DEFENDANTS,

          /s/Vincent M. Marino
          Vincent M. Marino
          Federal Bar No. ct17186
          Cohen and Wolf, P.C.
          657 Orange Center Rd.
          Orange, CT 06477
          Tele: (203) 298-4066
          Fax: (203) 337-5582
          vmarino@cohenandwolf.com

/s/ Ari J. Hoffman
Ari J. Hoffman, Esq.
Federal Bar No. ct22516
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT  06604
Tele:  (203) 368-0211
Fax:   (203) 394-9901
E-mail: ahoffman@cohenandwolf.com


/s/ Philip C. Pires
Philip C. Pires
Ct28138
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT  06604
Tele:  203.368.0211
Fax:   203.394.9901
Email:  ppires@cohenandwolf.com

## **CERTIFICATION**

    I hereby certify that on the date of the filing, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                      /s/ Vincent M. Marino
                                                    Vincent M. Marino