# EXHIBIT 6

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE:<br><br>SAGECREST II LLC,<br>SAGECREST FINANCE LLC,<br>SAGECREST HOLDINGS LIMITED,<br>SAGECREST DIXON INC.,<br><br>DEBTORS. | CHAPTER 11<br><br>CASE NO. 08-50754 (AHWS)<br>CASE NO. 08-50755 (AHWS)<br>CASE NO. 08-50763 (AHWS)<br>CASE NO. 08-50844 (AHWS)<br><br>JOINTLY ADMINISTERED<br>UNDER CASE NO. 08-50754 (AHWS) |
| SAGECREST II, LLC,<br><br>Plaintiff,<br><br>v<br><br>ACG CREDIT COMPANY II, LLC,<br>ACG FINANCE COMPANY, LLC,<br>FINE ART FINANCE, LLC, ART CAPITAL<br>GROUP, LLC, ART CAPITAL GROUP, INC.,<br>ACG CREDIT COMPANY, LLC, and IAN S.<br>PECK,<br><br>Defendants. | Adv. Proc. No. 10-05042 |
| SAGECREST II, LLC,<br><br>Plaintiff,<br><br>v<br><br>IAN S. PECK, ACG CREDIT COMPANY II<br>LLC, ACG FINANCE COMPANY, LLC, FINE<br>ART FINANCE LLC, ART CAPITAL<br>GROUP, LLC, ART CAPITAL GROUP INC.,<br>and ACG CREDIT COMPANY, LLC,<br><br>Defendants. | Adv. Proc. No. 10-05066 |

*Appearances:*

Robert S. Friedman, Esq.                    For the Plaintiff
Mark E. McGrath, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
30 Rockefeller Plaza, Ste. 2400
New York, NY  10112

| | |
|---|---|
| James Berman, Esq.<br>Zeisler and Zeisler<br>556 Clinton Ave., P.O. Box 3186<br>Bridgeport, CT 06605 | For the Plaintiff |
| Joshua H. Epstein, Esq.<br>Sorin Royer Cooper LLC<br>1230 Avenue of the Americas, 7th Fl.<br>New York, NY 10020 | For the Defendants |
| Elizabeth J. Austin, Esq.<br>Pullman & Comley, LLC<br>850 Main St., P.O. Box 7006<br>Bridgeport, CT 06601-7006 | For the Defendants |

## ORDER ON PLAINTIFF'S MOTION FOR A PREJUDGMENT REMEDY

The issue before the court in these adversary proceedings is SageCrest II, LLC's ("plaintiff") renewed motions for a prejudgment remedy and for the turnover and disclosure of property and assets, and the defendants' objection thereto. For the reasons that follow, the motions are granted.

I.

The court assumes familiarity with the history of these adversary proceedings, but summarily notes the following.[1] On May 19, 2008, the plaintiff and the defendants entered into a "So-Ordered Settlement Stipulation" ("SOSS") in a New York State court that resolved a dispute between the parties. The SOSS was a structured settlement that required the defendants to make several payments, secured by various collateral,

---

[1] See, e.g., SageCrest II v. Art Capital Parties, Adv. Pro. No. 10-5042, 2010 WL 702443 (Bankr. D. Conn. Nov. 12, 2010) (doc. #161) (providing a detailed history of these adversary proceedings and precluding certain evidence as a Rule 37(b) sanction for violating court orders).

over a period of time. The defendants defaulted, prompting the plaintiff to commence these adversary proceedings.[2]

When the plaintiff commenced Adversary Proceeding No. 10-05042 (the "2-Year Note Proceeding") against the defendants, it also filed: (a) a Motion For Prejudgment Remedy, Temporary Restraining Order, Preliminary Injunction, And Turnover (the "PJR Motion") (Dkt. No. 10); (b) a Motion for Prejudgment Disclosure of Property and Assets (the "Disclosure Motion" and, together with the PJR Motion, the "Motions") (Dkt. No. 5); and (c) a motion for contempt for violating the automatic stay relating to the sale of certain collateral securing the 2-Year Note.[3] On June 7, 2010, the defendants filed their omnibus objection to the Motions (the "Objection" (doc. #15)).

At a June 7, 2010 hearing, the Court deferred ruling on the on the Motions and Objection and scheduled a July 14, 2010 trial date for these adversary proceedings. Subsequently, the defendants requested that the 2-Year Note Proceeding be consolidated with the Assigned Loan Proceeding. (See supra note 2.) The court agreed and scheduled the trial to commence on October 26, 2010.

Thereafter, a discovery dispute ensued, which ultimately resulted in the court issuing a preclusion order, barring the defendants from producing at trial certain evidence requested by the corporate defendants [4] (hereafter, the "Preclusion Order").

---

[2] Adversary Proceeding No. 10-5042 is the so-called "2-Year Note Proceeding", regarding the Defendants' alleged default under the 2-Year Note, a $4.425 million promissory note, issued pursuant to the SOSS. Adversary Proceeding No.10-5066 is the so-called "Assigned Loan Proceeding", regarding the Defendants' alleged default of a payment of $6.7 million under the SOSS, with such payment secured by the assignment of loans. That action was originally commenced in New York State court and transferred here. The two adversary proceedings are being jointly administered.

[3] SageCrest filed in support of those motions: the Declaration of Nicholas Ferreri, with exhibit (doc. # 6), and the Declaration of Mark E. McGrath, with exhibits (doc. ## 7, 12).

[4] The "corporate defendants" are all of the defendants except Ian Peck

See *SageCrest II v. Art Capital Parties*, Adv. Pro. No. 10-5042, 2010 WL 702443 (Bankr. D. Conn. Nov. 12, 2010). The defendants timely requested the district court to grant them permission to pursue an interlocutory appeal and stay the adversary proceedings. On December 2, 2010, the district court granted the defendants leave to appeal, but denied their motion for a stay.

On December 3, 2010, this court conducted a telephonic conference with the parties during which the plaintiff requested that the court hear the Motions. The court scheduled a hearing for December 7, 2010 at 2:00 p.m.

On December 6, 2010, the plaintiff filed a "Supplement in Further Support of Plaintiff SageCrest II, LLC's Motions for Prejudgment Remedy and Turnover and Disclosure of Property and Assets" (doc. #192), together with the Declaration of Mark E. McGrath in Further Support of PJR and Disclosure Motions, and supporting exhibit. The defendants did not file a response. On December 7, 2010, the Court held a hearing on the Motions.

II.

*Prejudgment Remedy*

Pursuant to rule 64(a) F.R.Civ.P , made applicable by rule 7064 F. R. Bankr.P, the court looks to state law when a motion is made for a prejudgment remedy ("PJR"). In relevant part under Connecticut law, the test for a determination of whether to grant a PJR is whether there is probable cause that a judgment in the amount sought will be rendered in favor of the plaintiff. Conn. Gen. Stat. § 52-278d(a)(l). The probable cause standard is less demanding than the traditional civil burden of proof: "[t]he trial court's role in acting upon a prejudgment remedy motion does not require an authoritative determination of the merits of the parties' arguments and evidence." *Burkert v. Petrol Plus of Naugatuck, Inc.*, 5 Conn. App. 296, 300 (1985) (affirming trial court's

prejudgment remedy order) (internal quotations and citation omitted). Instead, probable cause is merely

> a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . [it is] a flexible common sense standard. It does not demand that a belief be correct or more likely true than false.

*Wachovia Bank, N.A. v. Cummings*, No. 09-957, 2010 WL 466160, at *7 (D. Conn. Feb. 8, 2010) (citations omitted). There is no requirement that the movant make a showing of irreparable harm or that assets will be dissipated. *See Arnold Chase Family, LLC v. UBS AG*, No. 08-00581, 2008 WL 3089484, at *4 (D. Conn. Aug. 4, 2008) ("[T]he standard for granting a [PJR in Connecticut] is only probable cause and does not require a showing of likelihood of success on the merits and irreparable harm.") (quoting *Bahrain Telecomm. Co. v. Discoverytel, Inc.*, 476 F. Supp. 2d 176, 182 (D. Conn. 2007)).

In addressing a motion for a PJR, the court must make a finding of "probable cause", based on "an affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the [PJR] sought, or in an amount greater than the amount of the [PJR] sought, taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of plaintiff." *See* Conn. Gen. Stat. § 52-278c(a)(2); *see also Perez v. Lane*, No. CV-044001316, 2005 WL 2210418, at *1 (Conn. Super. Aug. 19, 2005) (holding that a PJR may be based on the declaration of counsel to present the factual basis and evidence to the Court). "In an application for a prejudgment remedy, damages need not be established with precision but only on the basis of evidence yielding a fair and reasonable estimate." *Burkert*, 5 Conn. App. at 301 (internal quotations and citation omitted).

Here, the plaintiff seeks a PJR based on the defendant ACG-II's failure to pay the 2-Year Note when due, *i.e.*, $4,425,000. The defendants have admitted that fact in their Answer to the Complaint in the 2-Year Note Proceeding. (Doc. # 60, at ¶¶ 38, 55, 58.) Probable cause has therefore been established for the issuance of a PJR in the amount of $4,425,000. *See, e.g., Wachovia Bank*, 2010 WL 466160, at *7 (finding probable cause where loans were in default and granting "a prejudgment attachment of the [defendants'] property . . . sufficient to secure a judgment . . ."); *Qualitative Reasoning Sys., Inc. v. Computer Science Corp.*, No. 3:98CV554 (AUT), 2000 WL 852127, at *10 (D. Conn. Mar. 31, 2000) (granting prejudgment remedy based upon breach of contract claim).

*Ancillary Order*

Since the defendants claim that they have no assets in Connecticut, the plaintiff also requests the court to enter an ancillary order that the defendants bring assets into this jurisdiction to be attached pursuant to the PJR. This order is claimed tto be necessary to facilitate the PJR order.

As argued at the December 7th hearing, there is a split of authority as to whether such an ancillary order is an injunction. Some courts have required the satisfaction of the preliminary injunction standard, *see Southern New England Tel. Co. v. Global Naps, Inc.*, Civ. No. 3:04-cv-2075 (JCH), 2006 WL 3388393 (D. Conn. Nov. 21, 2006), while others have not. *See Hamma v. Gradco Sys., Inc.*, Civil No. B:88-115 (JAC), Civil No. B:89-437 (JAC) (D. Conn.1989). Since the court finds that the plaintiff meets the more stringent preliminary injunction standard (versus Connecticut's PJR "probable cause" standard), the split of authority has no consequence.

To obtain a preliminary injunction, the movant must show:

[it] is likely to suffer possible irreparable harm if the requested relief is not granted and "either (1) a likelihood of success on the merits of its case or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor."

*Gelfand v. Stone*, 727 F. Supp. 98, 100 (S.D.N.Y. 1989) (quoting *Citibank v. Nyland, Inc.*, 839 F.2d 93, 97 (2d Cir. 1988)). The Second Circuit has held that "even where the ultimate relief sought is money damages, federal courts have found preliminary injunctions appropriate where it has been shown that the defendant 'intended to frustrate any judgment on the merits' by 'transfer[ring its assets] out of the jurisdiction.'" *Greenv. Drexler (In re Feit & Drexler)*, 760 F.2d 406, 416 (2d Cir. 1985) (citations omitted).

Past dissipation of assets is sufficient to demonstrate irreparable harm. *See Allstate Ins. Co. v. TMR Medibill Inc.*, No. CV-00-0002 (CPS), 2000 WL 34011895, at *17 (E.D.N.Y. July 13. 2000) (granting motion for an injunction under Fed. R. Civ. P. 65, and finding that plaintiff satisfied irreparable harm element, where plaintiff established that defendants had dissipated their assets in the past in an attempt to frustrate any future judgment entered against them). Here, the plaintiff has demonstrated that the defendants have dissipated assets, to wit, the sale of the so-called Schnabel painting that the defendants do not deny was sold post-petition and in violation of the automatic stay.[5]

Furthermore, the Court finds that the plaintiff has shown a likelihood of success on the merits based on ACG-II's failure to pay the 2-Year Note when due. It is well settled that proof of a party's failure to make payments of contractual obligations satisfies the likelihood of success on the merits prong. *See Oracle Real Estate*

---

[5] The plaintiff made additional proffers of evidence at the December 7th hearing that persuasively demonstrate dissipation of assets. *See* Hr'g Tr. Dec. 7, 2010 (doc. #191).

Holdings I LLC v. Adrian Holdings Co. I, LLC, 582 F. Supp. 2d 616, 631 (S.D.N.Y. 2008) (finding plaintiff established likelihood of success on the merits where defendants defaulted by their non-payment of property taxes); TR Petroleum, LLC v. Sunoco, Inc. (R & M), No. 07-CV-475 (FB)(ARL), 2008 WL 897702, at *2 (E.D.N.Y. Mar. 31, 2008) (defendant established likelihood of success on the merits when it was undisputed that plaintiff failed to make payments under agreement). Here, the defendants admit that ACG-II failed to pay the 2-Year Note on May 19, 2010, and failed to cure that default. (See doc. # 60, at ¶¶ 38, 55, 58.)

The balance of hardship test tips decidedly in the plaintiff's favor. The defendants are alleged to owe in excess of $11 million to the plaintiff for violating the terms of the SOSS. Despite those obligations and with knowledge of the plaintiff's bankruptcy proceedings, the defendants transferred and sold assets that are property of the plaintiff's estate. Thus, the defendants' past conduct warrants the concern that in the future they may dispose of property so that any judgment in favor of the plaintiff may be uncollectible. See Int'l Controls Corp. v. Vesco, 490 F.2d 1334, 1347 (2d Cir. 1974) (affirming injunction and finding that the balance of hardships tipped in movant's favor where potential for dissipation of assets existed).

Accordingly,

IT IS ORDERED that the plaintiff's motion for a prejudgment remedy against the defendants in the amount of $4,425,000 is granted ;

IT IS FURTHER ORDERED that the plaintiff may take discovery relating to the property of the defendants; and

IT IS FURTHER ORDERED that upon completion of that discovery, the plaintiff shall have the right to file and serve upon the defendants a proposed ancillary order,

directing the defendants to bring into this district described assets with a value of not less than $4,425,000.

Dated this 3rd day of January, 2011 at Bridgeport, Connecticut.

BY: /s/ Alan H. S. Shiff

Alan H. S. Shiff
United States Bankruptcy Judge