**EXHIBIT L**

CONFIDENTIAL

SCII_009825

## COLLATERAL ASSIGNMENT

COLLATERAL ASSIGNMENT OF PROMISSORY NOTES AND SECURITY INTERESTS made as of this 19th day of May 2008, by FINE ART FINANCE, LLC, a Delaware limited liability company and ACG FINANCE COMPANY, LLC, a Delaware limited liability company (collectively, "Assignor") to SAGECREST II, LLC ("Assignee"). This Collateral Assignment is executed and delivered under and pursuant to that certain Settlement Stipulation and Mutual Release dated May 19, 2008 (the "Settlement Stipulation") entered into in connection with the settlement of all disputes between SageCrest II, LLC, Windmill Management LLC, Alan Milton, ACG Credit Company, LLC, ACG Credit Company II, LLC, Art Capital Group, LLC, ACG Finance Company, LLC and Ian Peck. Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Stipulation. The terms and conditions of the Settlement Stipulation are incorporated herein by reference.

FOR VALUE RECEIVED, and as collateral security for all debts, liabilities and obligations of ACG Credit Company II, LLC ("Borrower") to Assignee, now existing or hereafter arising under the Settlement Stipulation in connection with the payment of the $6.7 million Balance due under the Initial Payment, Assignor hereby assigns, transfers and sets over unto Assignee, its successors and assigns, all of its rights, but not its obligations, under (i) each of the promissory notes set forth and described on Schedule A hereto (the "Assigned Loans"), with each of the borrowers listed on said Schedule A (such borrowers, the "Underlying Borrowers"), (ii) all collateral documents and guarantees relating to the Assigned Loans or any collateral security provided therefor, (iii) all filings made to preserve or perfect any security interest granted pursuant to any of the foregoing documents, and (iv) all payments, products and proceeds of any of the foregoing (the items described in clauses (i) through (iv), collectively, the "Collateral"; the collateral documents described in clauses (ii) and (iii), collectively, the "Collateral Documents"); except, Assignor expressly carves out of such assignment and retains for its own use and benefit, any and all rights to receive any commissions, fees or expenses, including an Arranger's Fee, due under the Assigned Loans.

Assignor hereby (i) specifically authorizes and directs each Underlying Borrower under the Assigned Loans to make all payments due under or arising under the Assigned Loans directly to the Blocked Account and (ii) irrevocably authorizes and empowers Assignee, upon notice to each Underlying Borrower by Assignee at the expiration of the Grace Period and after five (5) business days notice to Borrower and Assignor (a) to ask, demand, receive, receipt and give acquittance for any and all amounts which may be or become due or payable, or remain unpaid at any time and times to Assignor by Underlying Borrowers under and pursuant to the Assigned Loans or the Collateral Documents, (b) to endorse any checks, drafts or other orders for the payment of money payable to Assignor in payment thereof or under any Collateral Document, and (c) in Assignee's discretion to file any claims, take any action, institute any proceeding, or exercise any other remedy available to it, either in its own name or in the name of Assignor or otherwise (including, without limitation, to enforce upon any guaranty or any collateral under, and in accordance with the terms of, any Collateral Document in accordance with the Uniform Commercial Code as in effect in any applicable jurisdiction or under other applicable law), which Assignee may deem necessary or advisable to effectuate the foregoing. It is expressly understood and agreed, however, that Assignee shall not be required or obligated in any manner to make any demand or to make any inquiry as to the nature or sufficiency of any payment

received by it, or to present or file any claim or take any other action to collect or enforce the payment of any amounts which may have been assigned to Assignee or to which Assignee may be entitled hereunder at any time or times.

Each Underlying Borrower is hereby authorized to, and shall, recognize Assignee's claims to rights hereunder without investigating any reason for any action taken by Assignee or the validity or the amount of the obligations or existence of any default by the Borrower under the Settlement Stipulation, or the application to be made by Assignee of any of the amounts to be paid to Assignee.

Without first obtaining the written consent of Assignee, Assignor shall not amend or modify the Collateral Documents or any provision of the Assigned Loans in a manner that would have a material adverse impact upon the lien of Assignor therein or the rights of Assignor thereunder or of Assignee hereunder and thereunder except that Assignor may extend or renew the Assigned Loans on the exact same terms that exist as of the Closing Date provided that the extended or maturity date of the Assigned Loans is prior to the last day of the Grace Period.

The Settlement Stipulation shall govern the termination of this Assignment. The benefits of this Assignment to Assignee only extends to securing the payment of the $6.7 million Balance plus any Additional Interest, if any, plus any of Assignee's reasonable costs that are recoverable under the terms of the Assigned Loans after the Grace Period, if any (the "Assigned Loans Costs"). Assignee shall not be permitted to retain, and shall turnover and refund to Fine Art Finance, LLC and/or ACG Finance Company, LLC (whichever is the applicable entity) any proceeds or receipts received in excess of the $6.7 million Balance plus any Additional Interest, if any, plus any Assigned Loans Costs. Provided that Assignee receives payment of the $6.7 million Balance plus Additional Interest, if any, plus Assigned Loans Costs in available funds on or before November 15, 2008, this Assignment is automatically null and void, and SageCrest shall not have any rights hereunder. However, if Assignee does not receive the Balance plus any Additional Interest and any Assigned Loans Costs in available funds on or before the expiration of the Grace Period and after five (5) business days written notice to Borrower and Assignor, then Assignor shall have no interest in the Assigned Loans unless and until all such amounts are paid to Assignee at which time this Collateral Assignment shall expire and be null and void.

IN WITNESS WHEREOF, Assignor, Borrower, and Assignee have duly executed this Assignment the day and year first above written.

FINE ART FINANCE, LLC
980 Madison Avenue
New York, New York 10021
Facsimile: (212) 585-0247

By: _____
Name: Ian S. Peck
Its: President

2

CONFIDENTIAL

SCII_009827

ACG FINANCE COMPANY, LLC
980 Madison Avenue
New York, New York 10021
Facsimile: (212) 585-0247

By: _____
Name: Ian S. Peck
Its: President

ACG CREDIT COMPANY II, LLC
980 Madison Avenue
New York, New York 10021
Facsimile: (212) 585-0247

By: _____
Name: Ian S. Peck
Its: President

SAGECREST II, LLC
3 Pickwick Plaza, Suite 400
Greenwich, Connecticut 06830
Facsimile: (203) 618-1680

By: Windmill Management LLC, Manager

By: _____
Name:
Its:

3

CONFIDENTIAL

SCII_009828

ACG FINANCE COMPANY, LLC
980 Madison Avenue
New York, New York 10021
Facsimile: (212) 585-0247

By:_____
   Name: Ian S. Peck
   Its: President

ACG CREDIT COMPANY II, LLC
980 Madison Avenue
New York, New York 10021
Facsimile: (212) 585-0247

By:_____
   Name: Ian S. Peck
   Its: President

SAGECREST II, LLC
3 Pickwick Plaza, Suite 400
Greenwich, Connecticut 06830
Facsimile: (203) 618-1680

By: Windmill Management LLC, Manager

By:_____
   Name: ALAN MILTON
   Its: MANAGER

3

CONFIDENTIAL
SCII_009829

## Schedule A

### NAVARRA

$5,000,000 Secured Term Note dated May 27, 2004 from Enrico Navarra, d/b/a Enrico Navarra New York in favor of ACG Credit Company, LLC

### RAMIS BARQUET

$5,000,000 Secured Term Note dated September 27, 2004 from Galleria Ramis Barquet, N.Y. Ltd. in favor of ACG Credit Company, LLC

Amendment No. 2 to Secured Term Note, dated June 3, 2005

### ALASTAIR CRAWFORD

$64,853 Secured Term Note dated April 28, 2004 from Alastair Crawford in favor of Fine Art Finance, LLC

$1,000,000 Promissory Note dated May 21, 2007 from Alastair Crawford and Alastair Crawford, LLC in favor of Fine Art Finance, LLC

### EVAN TAWIL

$100,000 Promissory Note dated August 11, 2006 from Evan Tawil in favor of Fine Art Finance, LLC

October 18, 2007 Letter Agreement between Fine Art Finance, LLC and Evan Tawil

### DAITCH

$15,000 Secured Term Note dated July 1, 2004 from Lawrence Jay Daitch in favor of ACG Credit Company, LLC

**CONFIDENTIAL**

**SCII_009830**