UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAGECREST II, LLC<br><br>  Plaintiff,<br><br>  - against -<br><br>ACG CREDIT COMPANY II, LLC,<br>ACG FINANCE COMPANY, LLC,<br>FINE ART FINANCE, LLC, ART CAPITAL<br>GROUP, LLC, ART CAPITAL GROUP,<br>INC., ACG CREDIT<br>COMPANY, LLC, and IAN S. PECK,<br><br>  Defendants. | 3:13-cv-973-SRU |
| SAGECREST II, LLC<br><br>  Plaintiff,<br><br>  - against -<br><br>IAN S. PECK, ACG CREDIT COMPANY II<br>LLC, ACG FINANCE COMPANY, LLC,<br>FINE ART FINANCE LLC, ART CAPITAL<br>GROUP, LLC, ART CAPITAL GROUP INC.,<br>and ACG CREDIT COMPANY, LLC,<br><br>  Defendants. | 3:13-cv-974-SRU<br><br><br><br>May 14, 2014 |

## LIMITED OPPOSITION TO MOTION FOR EXTENSION OF TIME

Plaintiff John D. Huber, as Trustee of the SageCrest Liquidating Trust,

respectfully submits this limited opposition to Defendants' Motion for Extension Time (Dkt. No.

45.)

Plaintiff objects to the characterization of the events relating to the cancellation

and rescheduling of Mr. Huber's deposition.  Mr. Huber traveled to the area from Chicago for his

deposition and was prepared to begin testifying at 8:00 a.m. on May 8, 2014.  Defendants cancelled the deposition on May 7, despite knowing that Mr. Huber had traveled from Chicago for the deposition.  Their purported reason for canceling the day before was that Plaintiff produced additional documents on May 7, 2014.  However, despite months of requests, Defendants did not specify the documents they actually wanted until after Noon on Friday, May 2, 2014.  Plaintiff immediately gathered the documents and the vast majority were produced just over two business days later.[1]  Defendants could have deposed Mr. Huber on May 8, 2014, but instead they chose to cancel the deposition.  Defendants could have chosen a different path, including (1) deposing Mr. Huber and reserving their rights to seek another deposition based on the production of any additional documents or (2) reviewed the documents and taken Mr. Huber's deposition on May 8th.[2]  Plaintiff agreed to appear on May 19th for a deposition based on the condition that the trial date would not be moved.  Their qualification on this condition is concerning, along with their baseless reply on the motion to dismiss, in which Defendants simply make up facts which do not exist in their effort to forestall the trial.

Given Defendants' cancellation of Mr. Huber's deposition less than 24 hours before it was scheduled to commence, Defendants should be required to pay for Mr. Huber's travel costs and expenses for the deposition.

---

[1]    The remainder of the documents identified by Defendants have been produced.

[2]    Defendants produced additional documents less than two days before Mr. Peck's recent deposition.  Plaintiff reviewed those documents and took the deposition on the date it was scheduled to take place.

Dated: May 14, 2014

PLAINTIFF JOHN D. HUBER, as Trustee of the
SageCrest Liquidating Trust

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:    */s/ Mark E. McGrath*
      Robert S. Friedman (admitted *pro hac vice*)
      Mark E. McGrath (ct28814)
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700

- and -

ZEISLER & ZEISLER, P.C.
James Berman (ct06027)
10 Middle Street, 15th Floor
Bridgeport, CT 06604
Telephone: (203) 368-4234

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 14, 2014, I caused a copy of the foregoing to filed electronically and served by mail on any person unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to any person unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

By: */s/ Mark E. McGrath*
Mark E. McGrath