UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAGECREST II, LLC<br><br>        Plaintiff,<br><br>  - against -<br><br>ACG CREDIT COMPANY II, LLC,<br>ACG FINANCE COMPANY, LLC,<br>FINE ART FINANCE, LLC, ART CAPITAL<br>GROUP, LLC, ART CAPITAL GROUP,<br>INC., ACG CREDIT<br>COMPANY, LLC, and IAN S. PECK,<br><br>        Defendants. | 3:13-cv-973-SRU |
| SAGECREST II, LLC<br><br>        Plaintiff,<br><br>  - against -<br><br>IAN S. PECK, ACG CREDIT COMPANY II<br>LLC, ACG FINANCE COMPANY, LLC,<br>FINE ART FINANCE LLC, ART CAPITAL<br>GROUP, LLC, ART CAPITAL GROUP INC.,<br>and ACG CREDIT COMPANY, LLC,<br><br>        Defendants. | 3:13-cv-974-SRU<br><br><br><br><br><br><br><br><br><br>June 11, 2014 |

**PLAINTIFF'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF HIS
EVIDENTIARY OBJECTIONS TO DEFENDANTS' TRIAL EXHIBITS**

Pursuant to the Pre-Trial Order dated April 23, 2014, Plaintiff John D. Huber, as Trustee of the SageCrest Liquidating Trust[1] submits this memorandum of authorities in support of Plaintiff's evidentiary objections to the trial exhibits of Defendants Ian S. Peck ("Peck"), ACG Credit Company II LLC ("ACG-II"), ACG Finance Company ("ACG Finance"), Fine Art Finance LLC ("Fine Art Finance"), Art Capital Group, LLC ("Art Capital LLC"), Art Capital Group, Inc. ("Art Capital Inc."), and ACG Credit Company, LLC ("ACG-I and, together with Peck, ACG-II, Fine Art Finance, Art Capital LLC, and Art Capital Inc., "Defendants").[2]

**OBJECTION TO PLAINTIFF'S RESPONSES TO DEFENDANTS' INTERROGATORIES AND ALL DOCUMENTS REFERENCED THEREIN: DEFENDANTS' EXHIBITS 2503 and 2504**

Plaintiff objects to the admission of Defendants' Exhibits ("DX") 2503 and 2504 as evidence on Defendants' case at trial. As an initial matter, DX 2503 is incomplete, in that it only includes the first three pages of Plaintiff's October 22, 2010, Responses and Objections to Defendants' First Set of Interrogatories. As a substantive matter, Plaintiff does not object to the admission of the interrogatory responses included in DX 2503 and 2504, however, Plaintiff does object to the admission of the hundreds of pages of additional documents annexed to those interrogatory responses. Defendants, in the description of those exhibits, describe the documents annexed to those interrogatory responses as the documents referenced in those responses themselves. The attempt to introduce hundreds of pages of documents in such a blunderbuss fashion and without providing the proper foundation is contrary to the Federal Rules of

---

[1] The SageCrest Liquidating Trust is the successor-in-interest to the named Plaintiff, SageCrest II, LLC ("SageCrest"), because all of the assets of SageCrest (and other entities) were assigned to the SageCrest Liquidating Trust pursuant to the terms of a Plan of Reorganization that was confirmed by the United States Bankruptcy Court for the District of Connecticut on December 13, 2011. Pursuant to that Plan, Mr. Huber serves as the Trustee for the SageCrest Liquidating Trust, and the term "Plaintiff" refers to SageCrest, Mr. Huber, and the SageCrest Liquidating Trust.

[2] In accordance with the Court's April 23, 2014, Pre-Trial Order, Plaintiff reserves the right to make all relevance objections at trial, and, thus, refrains from detailing his relevance objections herein.

Evidence. Without an independent evidentiary basis to introduce each of the documents annexed to those interrogatory responses – which include, among other things, emails, loan agreements, consignment agreements, and bank records – these documents should be precluded from evidence because they lack foundation, contain hearsay, and have not been authenticated or shown to be relevant. Accordingly, Plaintiff objects to the admission of DX 2503 and 2504 as evidence on Defendants' case at trial.

    Authority: FED. R. EVID. 106, 602, 802, 901.

**OBJECTION TO DEFENDANTS' FEES AND EXPENSE REPORTS, GENERAL LEDGERS, BALANCE SHEETS AND OTHER ACCOUNTING DOCUMENTS: DX 2507, 2509, 2511, 2512, 2513, 2514, 2522, 2585, 2586, 2598, 2611, 2616, 2643, 2644, 2645, 2646, 2647, 2664, 2665, 2666, 2667, 2668, 2669, 2670, 2671, 2672, 2673, 2674, 2675, 2676, 2677, 2678, 2679, 2680, 2681, 2682, 2683, 2684, 2685, 2686, 2687, 2688, 2689, 2703, 2704, 2705 and 2706**

    Plaintiff objects to the admission of DX 2507, 2509, 2511, 2512, 2513, 2514, 2522, 2585, 2586, 2598, 2611, 2616, 2643, 2644, 2645, 2646, 2647, 2664, 2665, 2666, 2667, 2668, 2669, 2670, 2671, 2672, 2673, 2674, 2675, 2676, 2677, 2678, 2679, 2680, 2681, 2682, 2683, 2684, 2685, 2686, 2687, 2688, 2689, 2703, 2704, 2705 and 2706 as evidence on Defendants' case at trial. These documents consist of fee and expense reports, general ledgers, balance sheets and other accounting documents that have not been properly authenticated, lack foundation and constitute inadmissible hearsay. It appears that the authenticity of each of these documents cannot be established at trial, as Defendants have not designated a witness who can provide testimony regarding the circumstances surrounding the creation of these documents.

    Furthermore, the underlying basis for these accounting documents (the bank statements, checks and other underlying records) were not produced in discovery, and, thus, there is no foundation for these summary documents. The lack of a proper foundation requires that these documents not be received in evidence, as the issue of how funds were actually paid to each of

2

the Defendants is central to the disputed issues in this action, and allowing Defendants' to introduce these self-serving accounting records when the foundation of those records has not been established would be inappropriate.  Finally, the information contained in these documents constitutes inadmissible hearsay, as Defendants seek to admit the financial information contained in the accounting documents for the truth of the statements contained therein.  Under these circumstances, Plaintiff objects to the admission of DX 2507, 2509, 2511, 2512, 2513, 2514, 2522, 2585, 2586, 2598, 2611, 2616, 2643, 2644, 2645, 2646, 2647, 2664, 2665, 2666, 2667, 2668, 2669, 2670, 2671, 2672, 2673, 2674, 2675, 2676, 2677, 2678, 2679, 2680, 2681, 2682, 2683, 2684, 2685, 2686, 2687, 2688, 2689, 2703, 2704, 2705 and 2706 as evidence on Defendants' case at trial.

>Authority: FED. R. EVID. 602, 802, 901.

### OBJECTION TO DEFENDANTS' BANK STATEMENTS:  DX 2510, 2515, 2516, 2519, 2520, 2521, 2638, 2642, 2692, 2693, 2694, 2700, 2701, 2736 and 2755

Plaintiff objects to the admission of DX 2510, 2515, 2516, 2519, 2520, 2521, 2638, 2642, 2692, 2693, 2694, 2700, 2701, 2736 and 2755 as evidence on Defendants' case at trial.  These documents consist of bank statements, many of which are incomplete, and other banking documents, including copies of checks, that have not been properly authenticated, lack foundation and constitute inadmissible hearsay.  As an initial matter, DX 2510, 2515, 2516, 2638, 2642, 2692, 2693, 2694, 2700, 2701 and 2736 are incomplete, in that they do not contain each page of the bank statement that Defendants seek to admit, and/or they have been substantively redacted.  Moreover, it appears that the authenticity of each of these documents cannot be established at trial, as Defendants have not designated a witness who can provide testimony regarding the circumstances surrounding the creation of these documents.  This failure similarly precludes Defendants from providing the necessary foundation for admissibility.

Finally, the information contained in these bank statements constitutes inadmissible hearsay, as Defendants seek to admit the balances, dates, times and dollar amounts contained in the bank statements for the truth of that reported information. Under these circumstances, Plaintiff objects to the admission of DX 2510, 2515, 2516, 2519, 2520, 2521, 2638, 2642, 2692, 2693, 2694, 2700, 2701, 2736 and 2755 as evidence on Defendants' case at trial.

      Authority: FED. R. EVID. 106, 602, 802, 901.

### OBJECTION TO DEFENDANTS' TAX RETURNS:  DX 2517, 2518, 2612, 2615, 2619, 2620, 2621, 2622, 2690 and 2691

      Plaintiff objects to the admission of DX 2517, 2518, 2612, 2615, 2619, 2620, 2621, 2622, 2690 and 2691 as evidence on Defendants' case at trial. These documents consist of the tax returns of certain Defendants that have not been properly authenticated, lack foundation and constitute inadmissible hearsay. Additionally each of these documents are incomplete, as many of them only include the initial summary pages of the tax return, others are substantively redacted, and each of them fails to include all of the schedules that accompany the returns. Moreover, it appears that the authenticity of each of these documents cannot be established at trial, as Defendants have not designated a witness who can provide testimony regarding the circumstances surrounding the creation of these documents. This failure similarly precludes Defendants from providing the necessary foundation for admissibility. Finally, the information contained in these tax returns constitutes inadmissible hearsay, as Defendants seek to admit the amounts reported in the tax returns, and presumably other information contained therein, for the truth of that information. Under these circumstances, Plaintiff objects to the admission of DX 2517, 2518, 2612, 2615, 2619, 2620, 2621, 2622, 2690 and 2691 as evidence on Defendants' case at trial.

      Authority: FED. R. EVID. 106, 602, 802, 901.

**OBJECTION TO UNEXECUTED AGREEMENTS WITH UNDERLYING BORROWERS: DX 2546, 2547, 2549, 2550, 2551, 2556, 2557, 2569, 2571, 2576, 2582, 2584, 2594, 2599, 2601 and 2603**

Plaintiff objects to the admission of DX 2546, 2547, 2549, 2550, 2551, 2556, 2557, 2569, 2571, 2576, 2582, 2584, 2594, 2599, 2601 and 2603 as evidence on Defendants' case at trial. These documents consist of agreements with certain underlying borrowers that are unexecuted or only partially executed. Such documents lack the necessary foundation for admissibility. Moreover, such documents cannot be properly authenticated without each of the necessary signatures. Finally, Plaintiff objects on completeness grounds as, to the extent a fully executed agreements (or counterparts) exist, those are the documents that should be used at trial. Accordingly, Plaintiff objects to the admission of DX 2546, 2547, 2549, 2550, 2551, 2556, 2557, 2569, 2571, 2576, 2582, 2584, 2594, 2599, 2601 and 2603 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 106, 602, 901.

**OBJECTION TO BLOCKED ACCOUNT DOCUMENTS: DX 2595, 2596 and 2649**

Plaintiff objects to the admission of DX 2595, 2596 and 2649 as evidence on Defendants' case at trial. These documents consist of emails and partially executed agreements related to the Blocked Account at JP Morgan Chase bank. These emails and partially executed agreements constitute inadmissible hearsay, as Defendants seek to rely upon the statements of Defendants, Defendants' employees, and bank employees for the truth of the matter asserted therein. Accordingly, Plaintiff objects to the admission of DX 2595, 2596 and 2649 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 802.

5

### OBJECTION TO ART CAPITAL CORPORATE STRUCTURE CHART: DX 2580

Plaintiff objects to the admission of DX 2580 as evidence on Defendants' case at trial. This document is a chart that purports to graphically demonstrate the alleged corporate structure of the various entities controlled by Peck, many of which are Defendants in this action. To the extent Defendants seek to rely upon DX 2580 for the truth of the matter asserted therein, it constitutes inadmissible hearsay. Accordingly, Plaintiff objects to the admission of DX 2580 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 802.

### OBJECTION TO BILL OF SALE AND DOCUMENTS ANNEXED THERETO: DX 2597

Plaintiff objects to the admission of DX 2597 as evidence on Defendants' case at trial. While Plaintiff does not object to the admission of the Bill of Sale itself, plaintiff objects to the admission of the multiple additional documents annexed thereto. Such an attempt to introduce several different documents in such a blunderbuss fashion is not supported by the Federal Rules of Evidence. Without an independent evidentiary basis to introduce each of the documents annexed to the Bill of Sale – which include, unauthenticated accounting ledgers and agreements – these documents should be precluded from evidence because they lack foundation, contain hearsay, and have not been authenticated or shown to be relevant. Accordingly, Plaintiff objects to the admission of DX 2597 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 106, 602, 802, 901.

### OBJECTION TO EMAILS RELATED TO DOYLE NEW YORK: DX 2605, 2606 and 2607

Plaintiff objects to the admission of DX 2605, 2606 and 2607 as evidence on Defendants' case at trial. These exhibits are emails between Plaintiff's employees and employees for the

auction house Doyle New York. The emails offered by Defendants do not consist of entire email chains and/or do not include related attachments. Plaintiff objects to introducing such incomplete documents. Accordingly, Plaintiff objects to the admission of DX 2605, 2606 and 2607 as evidence on Defendants' case at trial.

      Authority: FED. R. EVID. 106.

### OBJECTION TO ART CAPITAL GROUP EXECUTIVE SUMMARY: DX 2610 and 2632

Plaintiff objects to the admission of DX 2610 and 2632 as evidence on Defendants' case at trial. These documents consist of documents that purport to be an "Executive Summary" describing Art Capital Group. The documents have not been properly authenticated, lack foundation and constitute inadmissible hearsay. It appears that the authenticity of and foundation for these documents cannot be established at trial, as Defendants have not designated a witness who can provide testimony regarding the circumstances surrounding the creation of the "Executive Summary." Furthermore, the information contained in these documents constitutes inadmissible hearsay, as Defendants seek to admit the statements contained in the "Executive Summary" for the truth of those statements. Under these circumstances, Plaintiff objects to the admission of DX 2610 and 2632 as evidence on Defendants' case at trial.

      Authority: FED. R. EVID. 602, 802, 901.

### OBJECTION TO ART CAPITAL GROUP, INC. MINUTE BOOK: DX 2614

Plaintiff objects to the admission of DX 2614 as evidence on Defendants' case at trial. This document purports to be a copy of a bound "Minute Book" for Art Capital, Inc., however, Plaintiff was given no opportunity to review the original book in discovery, and the document produced only consists of two pages with the identities of all stockholders, except Peck, redacted. Under these circumstances, the failure to produce the original of DX 2614 in discovery

7

precludes its admission at trial. Additionally, DX 2614 has not been properly authenticated, lacks foundation and constitutes inadmissible hearsay. Moreover, DX 2614 is incomplete, as the copy only includes two pages (from what appears to be an entire bound book) and much of the information is redacted. It also appears that the authenticity of DX 2614 cannot be established at trial, as Defendants have not designated a witness who can provide testimony regarding the circumstances surrounding the creation of the minute book. This failure similarly precludes Defendants from providing the necessary foundation for admissibility. Finally, the information contained in the minute book constitutes inadmissible hearsay, as Defendants seek to admit the information contained therein for the truth of the matter asserted. Under these circumstances, Plaintiff objects to the admission of DX 2610 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 106, 602, 802, 901, 1002.

**OBJECTION TO DEFENDANTS' MONTHLY REPORTS: DX 2639, 2640, 2641 and 2758**

Plaintiff objects to the admission of DX 2639, 2640, 2641 and 2758 as evidence on Defendants' case at trial. These documents consist of reports that purport to show collection expenses for certain loans. These documents have not been properly authenticated, lack foundation and constitute inadmissible hearsay. It appears that the authenticity of each of these documents cannot be established at trial, as Defendants have not designated a witness who can provide testimony regarding the circumstances surrounding the creation of these documents. This failure similarly precludes Defendants from providing the necessary foundation for admissibility. This is particularly true of the invoices for legal services that were allegedly provided to Defendants. Finally, the information contained in these reports, including the information contained in the invoices for legal services, constitutes inadmissible hearsay, as Defendants seek to admit the amounts set out in the reports, as well as the information provided

8

in the legal services invoices, for the truth of the matters reported therein. Under these circumstances, Plaintiff objects to the admission of DX 2639, 2640, 2641 and 2758 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 602, 802, 901.

### OBJECTION TO NAVARRA/TAWIL/BARQUET COLLECTION LIQUIDATION VALUE APPRAISAL: DX 2648

Plaintiff objects to the admission of DX 2648 as evidence on Defendants' case at trial. This document purports to be an appraisal of certain art collections, but the appraisal has not been properly authenticated, lacks foundation and constitutes inadmissible hearsay. It appears that the authenticity of this appraisal cannot be established at trial, as Defendants have not designated a witness who can provide testimony regarding the circumstances surrounding its creation. This failure similarly precludes Defendants from providing the necessary foundation for admissibility. Finally, the information contained in the appraisal, which is largely a narrative report regarding the appraiser's opinion on the value of certain art collections, constitutes inadmissible hearsay, as Defendants seek to admit the narrative and conclusions in the appraisal for the truth of the matters reported therein. Under these circumstances, Plaintiff objects to the admission of DX 2648 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 602, 802, 901.

### OBJECTION TO DEFENDANTS' LEGAL INVOICES: DX 2654 and 2655

Plaintiff objects to the admission of DX 2654 and 2655 as evidence on Defendants' case at trial. These documents consist of legal bills that have not been properly authenticated, lack foundation and constitute inadmissible hearsay. Defendants cannot provide the necessary foundation for admissibility or show authenticity of these documents. Moreover, the information contained in these invoices for legal services constitutes inadmissible hearsay, as Defendants

9

seek to admit the amounts set out in the invoices, as well as the descriptions of the legal services that the invoices purportedly provided, for the truth of the matters reported therein. Under these circumstances, Plaintiff objects to the admission of DX 2654 and 2655 as evidence on Defendants' case at trial.

      Authority: FED. R. EVID. 602, 802, 901.

### OBJECTION TO CORPORATION SERVICE COMPANY INVOICES: DX 2695, 2696, 2697, 2698, 2699 and 2702

Plaintiff objects to the admission of DX 2695, 2696, 2697, 2698, 2699 and 2702 as evidence on Defendants' case at trial. These documents consist of incomplete invoices from Corporation Services Company to certain Defendants. These invoices have not been properly authenticated, lack foundation and constitute inadmissible hearsay. As an initial matter, these documents have been redacted and are therefore incomplete. Moreover, it appears that the authenticity of each of these documents cannot be established at trial, as Defendants have not designated a witness who can provide testimony regarding the circumstances surrounding the creation of these documents. This failure similarly precludes Defendants from providing the necessary foundation for admissibility. Finally, the information contained in these invoices constitutes inadmissible hearsay, as Defendants seek to admit the statements contained in those invoices for their truth. Under these circumstances, Plaintiff objects to the admission of DX 2695, 2696, 2697, 2698, 2699 and 2702 as evidence on Defendants' case at trial.

      Authority: FED. R. EVID. 106, 602, 802, 901.

### OBJECTION TO DEPOSITION TRANSCRIPTS: DX 2756, 2757 and 2767

Plaintiff objects to the admission of DX 2756, 2757 and 2767 as evidence on Defendants' case at trial. DX 2756, 2757 and 2767 consist of the transcripts from the depositions of Alan Milton, Alastair Crawford and John Huber. To the extent Defendants seek to admit DX 2756,

2757 and 2767 in total for the truth of the matters asserted therein, Plaintiff objects on hearsay grounds.  Plaintiff's do not object to the use of deposition testimony for these witnesses to the extent it otherwise complies with the Federal Rules of Evidence, however, Plaintiff objects to the wholesale admission of DX 2756, 2757 and 2767 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 802.

### OBJECTION TO ACG LOAN SUMMARY AND PORTFOLIO SUMMARY: DX 2709 and 2715

Plaintiff objects to the admission of DX 2709 and 2715 as evidence on Defendants' case at trial.  These documents consist of spreadsheets purporting to summarize Defendants' loan portfolios.  The documents have not been properly authenticated, lack foundation and constitute inadmissible hearsay.  It appears that the authenticity of these documents cannot be established at trial, as Defendants have not designated a witness who can provide testimony regarding the circumstances surrounding the creation of these documents.  Furthermore, the underlying basis for these summaries (the underlying loan agreements and financial records) were not produced in discovery, and, thus, there is no foundation for these summary documents.  Finally, the information contained in these documents constitutes inadmissible hearsay, as Defendants seek to admit the information contained in these summaries for the truth of the matters contained therein.  Under these circumstances, Plaintiff objects to the admission of 2709 and 2715 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 602, 802, 901.

### OBJECTION TO COMMUNICATIONS BETWEEN PLAINTIFF AND ROBERT LEEDS:  DX 2783, 2784, 2785, 2786 and 2787

Plaintiff objects to the admission of DX 2783, 2784, 2785, 2786 and 2787 as evidence on Defendants' case at trial.  While Plaintiff preserves all relevance objections, *see* fn. 2, these

11

documents are entirely irrelevant, have not been properly authenticated, lack foundation and constitute inadmissible hearsay.  The documents consist of correspondence between Plaintiff and Robert Leeds, an individual who expressed interest in purchasing Plaintiff's interest in claims from the Ramis Barquet bankruptcy.  The authenticity of each of these documents with respect to the communications from Mr. Leeds cannot be established at trial, as there is no witness who can provide testimony to authenticate Mr. Leeds' communications.  This failure similarly precludes Defendants from providing the necessary foundation for admissibility.  Finally, the information contained in these emails, particularly with respect to statements made by Mr. Leeds, constitutes inadmissible hearsay, as Defendants seek to admit the statements in those emails for the truth of the matters asserted therein.  Under these circumstances, Plaintiff objects to the admission of DX 2783, 2784, 2785, 2786 and 2787 as evidence on Defendants' case at trial.

      Authority: FED. R. EVID. 402, 602, 802, 901.

### OBJECTION TO MANAGEMENT SERVICES AGREEMENT:  DX 2663

Plaintiff objects to the admission of DX 2663 as evidence on Defendants' case at trial.  DX 2663 purports to be an August 14, 2003, Management Services Agreement between and among certain of the Defendants.  The foundation for admissibility of DX 2663 cannot be established because Defendants have not designated a witness who can provide testimony regarding the facts and circumstances underlying the Agreement.  Additionally, the information and provisions contained in the Agreement constitute inadmissible hearsay to the extent Defendants seek to admit the statements contained therein for the truth of the matters asserted in it—i.e., that the terms of the Agreement were carried out.  Under these circumstances, Plaintiff objects to the admission of DX 2663 as evidence on Defendants' case at trial.

      Authority: FED. R. EVID. 602, 802, 901.

**OBJECTION TO AMERICAN PHOTOGRAPHY AGREEMENT:  DX 2716 and 2717**

Plaintiff objects to the admission of DX 2716 and 2717 as evidence on Defendants' case at trial.  Those documents purport to be an operating agreement and director's certificate for a company called American Photography, LLC.  The foundation for admissibility of these documents cannot be established because Defendants have not designated a witness who can provide testimony regarding the facts and circumstances underlying the agreement and certificate.  Additionally, the information and provisions contained in the agreement and certificate constitute inadmissible hearsay to the extent Defendants seek to admit the statements contained in the those documents for the truth of the matters asserted in them.  Under these circumstances, Plaintiff objects to the admission of DX 2716 and 2717 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 602, 802, 901.

**OBJECTION TO INCOMPLETE COPIES OF PLAINTIFF'S CALCULATIONS: DX 2735 and 2739**

Plaintiff objects to the admission of DX 2735 and 2739 as evidence on Defendants' case at trial.  These exhibits are portions of interest and damages calculations that Plaintiff created and produced in this action.  Plaintiff only objects to the extent that the calculations are not offered together as a complete document, along with the additional calculation reflecting Plaintiff's litigation costs as a component of damages.  To the extent Defendants seek to introduce portions of these calculations, in the form of DX 2735 and 2739 or otherwise, Plaintiff objects to introducing such incomplete documents.  Accordingly, Plaintiff objects to the admission of DX 2735 and 2739 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 106.

**OBJECTION TO INCOMPLETE EMAIL:  DX 2737**

Plaintiff objects to the admission of DX 2737 as evidence on Defendants' case at trial.  DX 2737 consists of two email chains.  Plaintiff objects to the extent that Defendants seek to introduce both emails as one exhibit.  Plaintiff further objects on the grounds that the second email in DX 2737 is incomplete.  To the extent Defendants seek to introduce DX 2737, Plaintiff objects to introducing such incomplete documents.

Authority: FED. R. EVID. 106.

**OBJECTION TO SAGECREST ASSIGNMENT OF INTEREST DOCUMENTS: DX 2759**

Plaintiff objects to the admission of DX 2759 as evidence on Defendants' case at trial.  DX 2759 consists of a summary spreadsheet and additional underlying documents and agreements related the participation of those parties with an interest in Plaintiff.  Plaintiff objects to the extent that Defendants seek to introduce the multiple underlying documents as one exhibit.  Accordingly, Plaintiff objects to the admission of DX 2759 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 106.

**OBJECTION TO INCOMPLETE DUE DILIGENCE MATERIAL:  DX 2760**

Plaintiff objects to the admission of DX 2760 as evidence on Defendants' case at trial.  DX 2760 consists of both a term sheet and a maturity extension.  Plaintiff objects to the extent that Defendants seek to introduce both emails as one exhibit.  Plaintiff further objects on the grounds that the term sheet is incomplete.  To the extent Defendants seek to introduce DX 2760, Plaintiff objects to introducing such incomplete documents.

Authority: FED. R. EVID. 106.

**OBJECTION TO FILINGS IN BARQUET AND BARQUET GROUP BANKRUPTCY PROCEEDINGS:  DX 2744, 2746, 2748, 2749, 2750, 2751, 2752 and 2753**

Plaintiff objects to the admission of DX 2744, 2746, 2748, 2749, 2750, 2751, 2752 and 2753 as evidence on Defendants' case at trial.  These documents consist of filings from the bankruptcy proceedings of Ramis Barquet and the Barquet Group, Inc.  These filings lack foundation and constitute inadmissible hearsay.  Additionally certain of these documents are incomplete to the extent that they are only excerpts from the complete filings.  The foundation for each of these documents cannot be established at trial because Defendants have not designated a witness who can provide testimony regarding the circumstances surrounding the creation of and the facts underlying these documents.  The information contained in these court filings also constitutes inadmissible hearsay as Defendants seek to admit the statements made in those court filings for the truth the matters contained therein.  Under these circumstances, Plaintiff objects to the admission of DX 2744, 2746, 2748, 2749, 2750, 2751, 2752 and 2753 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 106, 602, 802, 901.

**OBJECTION TO DOCUMENTS PREPARED BY AND COMMUNICATIONS FROM BARQUET LIQUIDATING TRUSTEE:  DX 2768, 2771, 2772, 2773, 2774, 2775, 2776, 2777, 2778, 2779, 2780, 2781 and 2782**

Plaintiff objects to the admission of DX 2768, 2771, 2772, 2773, 2774, 2775, 2776, 2777, 2778, 2779, 2780, 2781 and 2782 as evidence on Defendants' case at trial.  These documents consist of communications with and documents and analyses prepared by Carter Pennington, the Liquidating Trustee for the Barquet Liquidating Trust.  These documents lack foundation and constitute inadmissible hearsay.  The foundation for each of these documents cannot be established at trial because Defendants have not designated a witness who can provide testimony

regarding the circumstances surrounding the creation of and the facts underlying these documents. Defendants also have not designated the underlying evidence that forms the basis for the documents and analyses prepared by Mr. Pennington. Furthermore, to the extent that information contained in these communications, documents and analyses were made or prepaed by Mr. Pennington, such information constitutes inadmissible hearsay, as Defendants seek to admit the statements made in those documents for the truth the matters contained therein. Under these circumstances, Plaintiff objects to the admission of DX 2768, 2771, 2772, 2773, 2774, 2775, 2776, 2777, 2778, 2779, 2780, 2781 and 2782 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 602, 802, 901.

### OBJECTION TO DEFENDANTS' ANSWER DEFENSES AND COUNTERCLAIMS: DX 2770

Plaintiff objects to the admission of DX 2770 as evidence on Defendants' case at trial. This document is Defendants' answer in the *Sagecrest v. ACG, et al.* action (Index No. 600195-07, Supreme Court of the State of New York, County of New York). To the extent Defendants seek to rely upon DX 2770 for the truth of the matters asserted therein, it constitutes inadmissible hearsay. Accordingly, Plaintiff objects to the admission of DX 2770 as evidence on Defendants' case at trial.

Authority: FED. R. EVID. 802.

### OBJECTION TO TRANSACTION HISTORY AND EMAILS: DX 2738

Plaintiff objects to the admission of DX 2738 as evidence on Defendants' case at trial. DX 2738 consists of emails between certain employees and JP Morgan Chase and what appears to be a wire transfer record. DX 2738 should not be admitted into evidence because DX 2738 is incomplete, has not been properly authenticated, lacks foundation and constitutes inadmissible hearsay. As an initial matter, DX 2738 is incomplete, in that the wire transfer record that

Defendants seek to admit is cutoff.  Moreover, it appears that the authenticity of each of these documents cannot be established at trial, as Defendants have not designated a witness who can provide testimony regarding the circumstances surrounding the creation of either the communications from JP Morgan Chase or the wire transfer record.  This failure similarly precludes Defendants from providing the necessary foundation for admissibility.  Finally, the information contained in the communications from JP Morgan Chase employees and the wire transfer records are inadmissible hearsay, as Defendants seek to admit the communications and the wire transfer information for the truth of the matters contained therein.  Under these circumstances, Plaintiff objects to the admission of DX 2738 as evidence on Defendants' case at trial.

        Authority: FED. R. EVID. 602, 802, 901.

### OBJECTION TO JP MORGAN ACCOUNT HISTORY:  DX 2754

Plaintiff objects to the admission of DX 2754 as evidence on Defendants' case at trial.  DX 2760 consists of certain online deposit report histories from the JP Morgan Chase website.  Plaintiff further objects on the grounds that these printouts are incomplete.  To the extent Defendants seek to introduce DX 2754, Plaintiff objects to introducing these documents without including all documents reflecting the complete deposit history.

        Authority: FED. R. EVID. 106.

Dated:  June 11, 2014               PLAINTIFF JOHN D. HUBER, as Trustee of the
                                    SageCrest Liquidating Trust

                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                    By: /s/Robert S. Friedman
                                          Robert S. Friedman (admitted *pro hac vice*)
                                          Mark E. McGrath (ct28814)
                                    30 Rockefeller Plaza
                                    New York, New York 10112
                                    Telephone:  (212) 653-8700

                                                - and -

                                    ZEISLER & ZEISLER, P.C.
                                    James Berman (ct06027)
                                    10 Middle Street, 15th Floor
                                    Bridgeport, CT 06604
                                    Telephone: (203) 368-4234

**CERTIFICATION OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing PLAINTIFF'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF HIS EVIDENTIARY OBJECTIONS TO DEFENDANTS' TRIAL EXHIBITS was electronically filed via ECF, which effects service upon all parties who have entered an appearance in this case.

Dated this 11th day of June, 2014.

                                                        /s/Robert S. Friedman