**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SAGECREST II, LLC,<br><br>                Plaintiff,<br><br>    vs.<br><br>IAN S. PECK, ACG CREDIT COMPANY II LLC, ACG FINANCE COMPANY, LLC, FINE ART FINANCE LLC, ART CAPITAL GROUP, LLC, ART CAPITAL GROUP INC., and ACG CREDIT COMPANY, LLC,<br><br>                Defendants. | Case Nos.<br><br>3:13-cv-973-SRU<br><br>3:13-cv-974-SRU |
| SAGECREST II, LLC,<br><br>                Plaintiff,<br><br>    vs.<br><br>ACG CREDIT COMPANY II, LLC, ACG FINANCE COMPANY, LLC, FINE ART FINANCE, LLC, ART CAPITAL GROUP, LLC, ART CAPITAL GROUP, INC., ACG CREDIT COMPANY, LLC, and IAN S. PECK,<br><br>                Defendants. | JUNE 17, 2014 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION**
**TO PLAINTIFF'S MOTION IN LIMINE**
<u>**TO PRECLUDE EVIDENCE RELATED TO DEFENDANTS' ARRANGER'S FEES (DOC #55)**</u>

Defendants ACG Credit Company II, LLC, ACG Finance Company, LLC, Fine Art

Finance, LLC, Art Capital Group, LLC, Art Capital Group, Inc., ACG Credit Company, LLC, and

1

Ian S. Peck (collectively, the "Defendants") respectfully submit this Memorandum of Law in Opposition to Plaintiff Sagecrest II, LLC's ("Sagecrest") Motion in Limine to preclude the Defendants from offering evidence relating to the Defendants' claim to arranger's fees arising from its loan to Barquet Group, Inc. (the "Barquet Loan") and the other Assigned Loans (Doc. #55) (defined herein).

The Defendants object on the grounds that res judicata and collateral estoppel do not apply to the issues presented in this case, and Sagecrest's motion is an improper attempt to file an untimely dispositive motion disguised as a motion in limine.

On or about May 19, 2008, the Defendants and Sagecrest entered into the So-Ordered Settlement Stipulation and accompanying documentation (the "Settlement Stipulation") to resolve litigation entitled *SageCrest II, LLC v. ACG Credit Company LLC, et al.*, Index No. 600195/08. In connection with the Settlement Stipulation, the Defendants agreed to pay $6,700,000 to Sagecrest, which payment was secured by 5 unencumbered loans (the "Assigned Loans") pursuant to a Collateral Assignment dated May 19, 2008, which was annexed to the Settlement Stipulation as Exhibit L (the "Collateral Assignment"). The Collateral Assignment provides that the Defendants Fine Art Finance, LLC ("Fine Art Finance") and ACG Finance Company, LLC ("ACG Finance"), as Assignor, "expressly carves out of such assignment and retains for its own use and benefit, any and all rights to receive any commissions, fees or expenses, including an Arranger's Fee, due under the Assigned Loans." 7/13/10 Counterclaim, at par. 55. In connection with the Assigned Loans, each respective borrower signed an arranger agreement with Fine Art Finance (the "Arranger Agreement") and

each Arranger Agreement provides that "[a]ll proceeds from Collateral sale shall be applied first, towards the payment of the [Arranger's Fee]…" 7/13/10 Counterclaim, at par. 55.

In its counterclaim, Defendant Fine Art Finance claims that Sagecrest has "improperly refused to acknowledge Defendant Fine Art Finance's secured right to Arranger's Fees under the" Settlement Stipulation and "tortiously interfered with Fine Art Finance's rights to those Arranger's Fees in violation of New York law." 7/13/10 Counterclaim, at par. 10, pars. 109-114, pars. 115-119.

**The Barquet Bankruptcy**

Barquet Group, Inc. ("Barquet") filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York (the "Barquet Bankruptcy").  Barquet was a borrower under one of the Assigned Loans and a signatory to an Arranger Agreement with Fine Art Finance.  Defendants ACG Finance and ACG Credit Company, LLC ("ACG-I") – and not Fine Art Finance – filed a claim in the Barquet Bankruptcy.  Barquet Bankr., Claim No. 43.[1] The court expunged the claim of Defendants ACG Finance and ACG-1, then denied those Defendants' motions for reconsideration and to amend the claim to add Fine Art Finance as an additional claimant.  *In re Barquet Group, Inc.*, 477 B.R. 454 (2012).  The court expressly held that its order "did not affect any lien [of Fine Art Finance]," *id.* at 464, that the claim that was denied was of Defendants ACG Finance and ACG-1 under the note between Barquet and ACG-1, not the Arranger Agreement with Fine Art Finance, and that Fine Art Finance's claim was completely different:

---

[1] In Plaintiff's Memorandum of Law in Support of Its Motion in Limine, at p. 2, Plaintiff incorrectly states the parties that filed that claim, stating incorrectly that Fine Art Finance filed that claim.

> Fine Art's claim is a new and different claim; it is based on a different agreement—the Arranger's Agreement—rather than the Note on which ACG Credit's and AGC Finance's claim (now belonging to SageCrest) was based, and for an amount that was not included in Claim No. 43, and that was payable to Fine Art and not to ACG Credit or ACG Finance.

*Id.* at 465.

On appeal, the district court affirmed the finding that Fine Art Finance's claim was distinct from the one asserted by ACG Finance and ACG-1. *In re Barquet Group, Inc.*, 486 B.R. 68, 74-75 (2012). Neither the bankruptcy court nor district court had before it a claim filed by Fine Art Finance, nor did either decide the merits of Fine Art Finance's claim.

**The Hahn & Hessen Order**

On November 25, 2013, in *Hahn & Hessen LLP v. Peck*, et al, Index No. 603122/2008, Supreme Court of New York, County of New York, a dispute arising out of legal fees incurred by the plaintiff Hahn & Hessen LLP ("Hahn & Hessen"), former counsel to the Defendants, the trial court granted Hahn & Hessen's motion for summary judgment on two of the Defendants' counterclaims alleging negligence (the "Hahn & Hessen order").[2] In granting Hahn & Hessen's motion for summary judgment, the court held that the Defendants could not prove that Hahn & Hessen breached their standard of care or that Hahn & Hessen's negligence caused any damages to the Defendants. *See* Hahn & Hessen order, at p. 10. However, the court did find that Hahn & Hessen "succeeded in procuring for defendants entitlement to arranger's fees." *See* Hahn & Hessen order, at p. 10.

---

[2] A copy of the Hahn & Hessen order is attached as Exhibit 1 to the Declaration of Robert S. Friedman in Support of Plaintiff's Motion in Limine to Preclude Defendants from Offering Certain Evidence Relating to Defendants' Arranger's Fees.

## II.   ARGUMENT

### A.   The Defendants are not barred by *res judicata* from asserting a claim to Arranger's Fees under the Barquet loan

Sagecrest asserts that the Defendants are barred by the doctrine of *res judicata* from asserting any claim related to Arranger's Fees arising from the Barquet loan. Sagecrest relies solely on cases holding that a bankruptcy court's decision on a claim filed in bankruptcy has res judicata effect. However, what Sagecrest fails to disclose, and which a reading of the courts' decisions in the Barquet Bankruptcy make clear, is that Fine Art Finance did not make a claim in the Barquet Bankruptcy. Rather, Defendants ACG Finance and ACG-1 made claims in the Barquet Bankruptcy. In addition, the claim adjudicated in the Barquet bankruptcy was against Barquet – not Sagecrest. Therefore, because the courts' decisions in the Barquet bankruptcy did not involve any claim by Fine Art Finance, they do not have r*es judicata* effect in this action.

It is well-settled that res judicata, or claim preclusion, does not apply to bar claims asserted in a first lawsuit where the second lawsuit is between different parties. *See N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000) (claim preclusion not applicable to "case [that] involves a plaintiff seeking to add claims against a new defendant"); Restatement (Second) of Judgments § 49 cmt. a (1982) (for preclusion purposes "the claim against others who are liable for the same harm is regarded as separate"); *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367 (2d Cir. 1995) ("When a litigant files consecutive lawsuits against separate parties for the same injury, the entry of a judgment in the prior action does not bar the claims against other potentially liable parties."). The cases cited by Sagecrest are not to the contrary, as they all discussed the impact of a claim that had

actually been filed in the first bankruptcy. *See Katchen v. Landy,* 382 U.S. 323, 334 (1966) ("a creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined"); *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621 (2d Cir. 2007) (IRS filed claim against debtor in bankruptcy); *In re Nicholas*, 457 B.R. 202, 218 (Bankr. E.D.N.Y. 2011) (plaintiff had filed claim in bankruptcy). By contrast, in the present case, Fine Art Finance was not permitted to file a claim in the Barquet Bankruptcy and thus the principles of res judicata do not apply.

> **B.     Defendants are not barred by the doctrine of collateral estoppel from asserting a claim to Arranger's Fees under the Assigned Loans**

Sagecrest asserts that Defendants are barred by the doctrine of collateral estoppel from asserting any claim related to Arranger's Fees arising from the Assigned Loans as a result of the Hahn & Hessen order. It is undisputed that the Hahn & Hessen order is currently the subject of an appeal.

Under New York law, "[t]here are two requirements for the application of collateral estoppel to an issue: (1) [t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and (2) there must have been a full and fair opportunity to contest the decision now said to be controlling." *Burgos v. Hopkins*, 14 F.3d 787, 792 (2d Cir. 1994) (internal quotation marks omitted; citations omitted). "Issues are considered identical if a different decision in the second suit would necessarily destroy or impair rights or interests established by the first." *Application of Am. Tobacco Co.*, 880 F.2d 1520, 1527 (2d Cir. 1989) (internal quotation marks omitted; citations omitted).

### i. The issues decided in the Hahn & Hessen order were not identical to the Arranger's Fees issue in the present case

Collateral estoppel does not apply because, contrary to Sagecrest's unsupported assertion, the identical issue of Fine Art Finance's entitlement to Arranger's Fees under the Assigned Loans – and Sagecrest's improper failure to acknowledge and tortious interference with Fine Art Finance's rights to Arranger's Fees – was not litigated or decided in the Hahn & Hessen order.  The court in the Hahn & Hessen order did not decide whether Fine Art Finance defaulted under the Settlement Stipulation, whether Fine Art Finance is entitled to Arranger's Fees, or whether Sagecrest improperly refused to acknowledge and tortiously interfered with Fine Art Finance's rights to Arranger's Fees.  Rather, the court merely held that the Defendants did not prove that Hahn & Hessen's negligence *caused* the Defendants to lose out on Arranger's Fees.  See Hahn & Hessen order, at p. 10 ("Defendants . . . fail to identify any assigned loan which would have entitled them to arranger's fees *but for* plaintiff's negligence.") (emphasis added). Indeed, in the Hahn & Hessen order, the court recognized that Defendants are entitled to Arranger's Fees under certain circumstances.  See Hahn & Hessen order, at p. 10 ("In any event, plaintiff succeeded in procuring for defendants entitlement to arranger's fees…").

Because the Hahn & Hessen order did not involve the identical issue present in this case (Sagecrest's refusal to acknowledge and tortious interference with Fine Art Finance's right to Arranger's Fees), collateral estoppel does not apply.

### ii. Collateral estoppel does not apply because the issues related to Arranger's Fees in the Hahn & Hessen order were not necessary or material to the Hahn & Hessen order

Sagecrest argues that collateral estoppel bars Defendants from claiming that they are entitled to Arranger's Fees based on the Hahn & Hessen order. As explained above, the Hahn & Hessen order did not make a finding as to the Defendants' entitlement to Arranger's Fees under the Settlement Stipulation. To the extent that the court found that the Defendants, including Fine Art Finance, are not entitled to Arranger's Fees upon default of the Settlement Stipulation, that finding was neither necessary nor material to the court's decision to grant summary judgment in favor of Hahn & Hessen. Even if the court had found that Fine Art Finance was entitled to such Arranger's Fees upon default of the Settlement Stipulation, the court would still have found that Hahn & Hessen was not liable for negligence.

Under New York law, which applies here, *see Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered"), "[w]hen a decision rests on two independent grounds, either of which could support it alone, the general rule, according to the Restatement (Second) of Judgments, is that neither holding is binding for collateral estoppel purposes." *Tydings v. Greenfield, Stein & Senior, LLP*, 11 N.Y.3d 195, 199, 897 N.E.2d 1044, 1046 (2008) (citing Restatement [Second] of Judgments § 27, Comment i). The Hahn & Hessen order entering summary judgment for Hahn & Hessen on alleged negligence regarding the Arranger's Fees rests on two independent grounds: First, that the Defendants' claim that Hahn & Hessen's negligence caused them to suffer damages was conclusory. Second, that Sagecrest would

have rejected an agreement allowing for the Defendants to collect fees while in default. Either finding would have independently supported the court's decision to enter summary judgment for Hahn & Hessen on the negligence counterclaims. Because both grounds were alternative independent grounds for the Hahn & Hessen order, neither ground was necessary or material to the court's decision, and, therefore, collateral estoppel does not apply. *See Jim Beam Brands Co. v. Beamish & Crawford Ltd.*, 937 F.2d 729, 735 (2d Cir. 1991) (reversing trial court's application of collateral estoppel where issue decided in first case was "immaterial" and "not necessary" to judgment).

### iii. Defendants have not had a full and fair opportunity to litigate the issues in the Hahn & Hessen order and, therefore, collateral estoppel does not apply

Collateral estoppel does not apply here because the Defendants have not had a full and fair opportunity to litigate the decision in the Hahn & Hessen order. Although Sagecrest points to cases holding that collateral estoppel applies even during the pendency of an appeal, it fails to disclose authority holding that "there are many New York cases suggesting caution in applying preclusion in such situations." *Indus. Risk Insurers v. Port Auth. of N.Y. & NJ*, 493 F.3d 283, 288 n.3 (2d Cir. 2007) (citing *Duverney v. State*, 96 Misc.2d 898, 410 N.Y.S.2d 237, 246 (N.Y.Ct.Cl.1978); *In re Estate of Alexis*, 14 Misc.3d 379, 823 N.Y.S.2d 886, 889–90 (N.Y.Sur.Ct.2006); *In re Estate of Brown*, 132 Misc.2d 171, 503 N.Y.S.2d 532, 533 (N.Y.Sur.Ct.1986)). Moreover, the Second Circuit in *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986) held that "inability to obtain appellate review, or the lack of such review once an appeal is taken, does prevent preclusion." *See also Tydings v. Greenfield, Stein & Senior, LLP*, 11 N.Y.3d 195, 200, 897 N.E.2d 1044, 1047 (2008) (adopting as statement of New York law the Second Circuit's holding in *Gelb* that ""[i]f an appeal is taken and the

appellate court affirms on one ground and disregards the other, there is no collateral estoppel as to the [un]reviewed ground" and holding that collateral estoppel does not apply where it was not clear "that the losing party had a full and fair chance to overturn the earlier decision" on appeal).

Because in the present case, the Hahn & Hessen order is subject to appeal, the Defendants have not have a full and fair opportunity to litigate or overturn the Hahn & Hessen order and collateral estoppel does not apply.

### C. Sagecrest's Motion in Limine should be denied as it constitutes an improper – and untimely – substitute for a motion for summary judgment

"The purpose of in limine motions is to enable the Court to rule on disputes over the admissibility of discrete items of evidence." *TVT Records v. Island Def Jam Music Grp.*, 250 F. Supp. 2d 341, 344-345 (S.D.N.Y. 2003) (denying motions in limine where, "in the guise of addressing limited evidentiary issues, the parties' motions in limine would effectively serve as a form of advance trial of substantive portions of the case, or indeed as a substitute for the trial itself"). "[A] motion in limine cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict." *Morgan v. Mississippi*, CIV.A.2:07-CV-15-MTP, 2009 WL 3259233, at *1 (S.D. Miss. Oct. 8, 2009) (citing 21 Charles Alan Wright & Kenneth W. Graham, Jr., Fed. Prac. & Proc § 5037.18 (2d ed. West 2009) (stating "the preexisting caselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruling in civil cases"); 75 Am.Jur.2d Trial § 44 (West 2009) (stating that the "use of motions in limine to summarily dismiss a portion of a claim has been condemned, and the trial courts are cautioned not to allow motions in limine to be used as ... motions for summary judgment or motions to dismiss

... [or] to perform the function of a directed verdict")). "The denial of a motion in limine is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case." *Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 275 (E.D. Mich. 2009).

In the present case, the deadline for filing dispositive motions has passed. However, Sagecrest seeks to employ its motion in limine as a "preemptive weapon[] with which it endeavor[s] to strike in shotgun fashion at whole topics and sources of prospective evidence." *See TVT Records,* 250 F. Supp. 2d at 344. Sagecrest's motion in limine, seeking to exclude all evidence regarding the Defendants' claims related to Arranger's Fees is an improper attempt to preclude the Defendants from presenting their case and seek relief that can only be awarded in a dispositive motion, and should therefore be denied.

### III.     CONCLUSION

For the foregoing reasons, this Court should deny the Plaintiff's Motion in Limine to preclude Defendants from introducing evidence related to Arranger's Fees into evidence.

Respectfully submitted,

THE DEFENDANTS,

/s/ Ari J. Hoffman
Ari J. Hoffman, Esq. (ct22516)
Vincent M. Marino, Esq. (ct17186)
Philip C. Pires, Esq. (ct28138)
Cohen and Wolf, P.C.
1115 Broad Street
Bridgeport, CT 06604
Tele: (203) 368-0211
Fax: (203) 394-9901
Email: ahoffman@cohenandwolf.com
Email: vmarino@cohenandwolf.com
Email: ppires@cohenandwolf.com

**CERTIFICATION**

      I hereby certify that on the date of the filing, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

      /s/ Ari J. Hoffman
      /s/ Ari J. Hoffman