UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAGECREST II, LLC,<br><br>                              Plaintiff,<br><br>vs.<br><br>IAN S. PECK, ACG CREDIT COMPANY II LLC, ACG FINANCE COMPANY, LLC, FINE ART FINANCE LLC, ART CAPITAL GROUP, LLC, ART CAPITAL GROUP INC., and ACG CREDIT COMPANY, LLC,<br><br>                              Defendants. | Case Nos.<br><br>3:13-cv-973-SRU<br>3:13-cv-974-SRU |
| SAGECREST II, LLC,<br><br>                              Plaintiff,<br><br>vs.<br><br>ACG CREDIT COMPANY II, LLC, ACG FINANCE COMPANY, LLC, FINE ART FINANCE, LLC, ART CAPITAL GROUP, LLC, ART CAPITAL GROUP, INC., ACG CREDIT COMPANY, LLC, and IAN S. PECK,<br><br>                              Defendants. | JUNE 18, 2014 |

**NOTICE OF BANKRUPTCY AND APPLICABILITY OF STAY**

PLEASE TAKE NOTICE THAT defendant ACG Credit Company II, LLC ("ACG II") is now the debtor in a chapter 11 bankruptcy proceeding filed in the United States Bankruptcy Court for the District of Delaware styled *In re ACG Credit Company II, LLC*, Case No. 14-11500 (the "Bankruptcy"). As a result of the Bankruptcy, the claims asserted in the above-referenced actions (the "Actions") are stayed and/or this case should not proceed to trial without a lifting of

the automatic stay by the bankruptcy court presiding over the Bankruptcy for the following reasons, among others:

   A.     The claims asserted by Sagecrest II, LLC ("Sagecrest" or "Plaintiff") against ACG II are stayed pursuant to 11 U.S.C. § 362(a)(1)(staying the continuation of a judicial proceeding against the debtor that was commenced before the commencement of the bankruptcy case or to recover a claim against the debtor that arose before the commencement of the bankruptcy case).

   B.     The alter ego claims asserted against all defendants are stayed pursuant to 11 U.S.C. § 362(a)(3)(staying any act to obtain possession of property of the estate or to exercise control over property of the estate).   After an entity files for bankruptcy, "creditors lack standing to assert claims that are 'property of the estate.'" *Bd. of Trustees of Teamsters Local 86S Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 169 (3d Cir. 2002). The "estate," as defined in the Bankruptcy Code, includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. sec. 541 (a) (1).  Alter ego claims are property of the bankruptcy estate.  *See In Re Emoral*, 740 F.3d 875, 881 (3rd Cir. 2014); *St Paul Marine Fire Ins. Co. v. Pepsico, Inc.*, 884 F.2d. 688, 704-705 (2d Cir. 1989).   In addition or in the alternative, the allegedly dominated entity is a necessary party to an alter ego claim and such a claim therefore cannot proceed with respect to an entity in bankruptcy without first obtaining a lifting of the automatic stay from the bankruptcy court presiding over that proceeding. *See Mannucci v. Missionary Sisters of Sacred Heart of Jesus*, 94 A.D.3d 471, 941 N.Y.S.2d 493 (2012) (The dismissal of the proceeding was affirmed on appeal

and the court held that "because Cabrini has filed for bankruptcy protection and plaintiffs have not obtained relief from the automatic stay, the alter ego claims must be dismissed."); *In re Cabrini Med. Ctr.*, 489 B.R. 7, 21 (S.D.N.Y. 2012), appeal withdrawn (Aug. 14, 2013).

C. The remaining claims are also stayed under 11 U.S.C. §§ 362(a)(4), (5), and/or (6)(staying "any act" to enforce any lien against property of the estate, to enforce against property of the debtor any lien to the extent that such lien secures a claim that arise before the bankruptcy case was commenced, or to enforce or recover a claim against the debtor that arose before the commencement of the bankruptcy case). In addition or in the alternative, this Court should exercise its discretion and stay the entire case because the debtor and the other defendants "have such a similarity of interests" with respect to the claims asserted by Sagecrest that allowing Sagecrest to go forward against the third parties "will mean that the assets of the debtor itself will fall into jeopardy." *Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of the Fox Masonry and Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998) (*citing A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999, 1001 (4th Cir. 1986)). Such potential jeopardy to the Debtor's estate may include, for example, extension of findings of liability through collateral estoppel or otherwise deprive the debtor of an effective defense. *See Ionosphere Clubs*, 111 B.R. 423, 435 (Bankr. S.D.N.Y 1990).

Due to the recent filing of the bankruptcy petition, the undersigned counsel has not yet applied for approval to or been approved by the Bankruptcy Court to represent the Debtor in this action. Counsel is therefore providing this Notice as an officer of the Court and as counsel to the remaining defendants. Nothing in this Notice can be or shall be deemed to waive any right of the Debtor, including without limitation the right of the Debtor to seek one or more orders from the Bankruptcy Court presiding over the Bankruptcy, to extend the automatic stay to Sagecrest's claims in this case in the event this Court determines it will proceed to trial.

        Respectfully submitted,

        THE DEFENDANTS,

        /s/ Vincent M. Marino
        Vincent M. Marino, Esq. (ct17186)
        Ari J. Hoffman, Esq. (ct22516)
        Philip C. Pires, Esq. (ct28138)
        Cohen and Wolf, P.C.
        1115 Broad Street
        Bridgeport, CT 06604
        Tele: (203) 368-0211
        Fax: (203) 394-9901
        Email: ahoffman@cohenandwolf.com
        Email: vmarino@cohenandwolf.com
        Email: ppires@cohenandwolf.com

## **CERTIFICATION**

    I hereby certify that on the date of the filing, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                                  /s/ Vincent M.Marino
                                                                  Vincent M. Marino, Esq.