

HERBERT L. COHEN
(1928-1983)

AUSTIN K. WOLF
RICHARD L. ALBRECHT
JONATHAN S. BOWMAN
IRVING J. KERN
STEWART I. EDELSTEIN
NEIL R. MARCUS
G. KENNETH BERNHARD
DAVID L. GROGINS
GRETA E. SOLOMON
ROBIN A. KAHN
RICHARD SLAVIN
DANIEL S. NAGEL
RICHARD J. DI MARCO
DAVID B. ZABEL
MARK A. KIRSCH
DAVID M. LEVINE
JOSEPH G. WALSH
MATTHEW C. SUSMAN
DAVID A. BALL
JOCELYN B. HURWITZ
STUART M. KATZ
MONTE E. FRANK
PATRICIA C. SULLIVAN
VINCENT M. MARINO
JULIE D. KOHLER
ARI J. HOFFMAN
COURTNEY A. GEORGE
BARBARA M. SCHELLENBERG
RACHEL A. PENCU
JASON A. BUCHSBAUM
L. JOYELLE DEFELICE
LAUREN G. WALTERS
DAVID M. MOROSAN
MARCIA M. ESCOBEDO
DAVID DOBIN
NATHAN C. ZEZULA
PHILIP C. PIRES
DYAN M. KOZACZKA
ROBYN H. DRUCKER
RACHEL A. SCHWARTZMAN
JORDAN L. FIELDSTEIN
SHANE R. GOODRICH

OF COUNSEL
MARTIN J. ALBERT
PETER A. ARTURI
LEONARD C. BLUM
ANN L. FOWLER-CRUZ
THEMIS KLARIDES
ROSAMOND A. KOETHER
BRUCE L. LEVIN
JACK E. MCGREGOR
JOHNPATRICK C. O'BRIEN
ALLAN J. ROSEN
MARTIN F. WOLF

PLEASE REPLY TO <u>Orange</u>
WRITER'S DIRECT DIAL: (203) <u>298-9970</u>
E-MAIL ADDRESS: vmarino@cohenandwolf.com

August 11, 2014

The Honorable Stefan R. Underhill
United States District Judge
United States Courthouse
915 Lafayette Boulevard, Suite 411
Bridgeport, CT 06604

      RE:    *Huber v. ACG Credit Co. II, LLC et al.* and *Huber v. Peck, et al.*
             <u>Case Nos. 3: 13-cv-973-SRU and 3:13-cv-974 –SRU</u>

Dear Judge Underhill:

      This office has entered its appearance as counsel of record for all of the Defendants in this action. We write this letter in response to Mr. Friedman's letter dated August 8, 2014. For the following reasons, we see no need to occupy the Court's time with a call and oppose the relief requested by the Plaintiff in this matter.

      As was mentioned by Mr. Friedman in his letter, Defendant ACG Credit Co. II, LLC (the "Debtor") filed a voluntary petition pursuant to chapter 11, title 11 of the United States Bankruptcy Code (§§ 101-1532). As was further mentioned, Plaintiff's counsel entered their appearance in the Debtor's bankruptcy case and knows full well that the relief it seeks is inappropriate.

      As his statements from the bench have made clear, Judge Carey of the Delaware Bankruptcy Court understands that the Debtor as a debtor in possession needs some time to stabilize its bankruptcy case. As part of this effort, the Debtor needs to have the predictability of a scheduled trial date and not the chaos that would result in preparing for a "stand-by" trial while simultaneously managing and stabilizing its bankruptcy case. Indeed, this is precisely the reason why the Bankruptcy Court granted the Plaintiff only limited relief and has not adjudicated the Plaintiff's motion to lift the stay.

      Moreover, as Plaintiff's counsel noted recently at a hearing in Bankruptcy Court, my

1115 BROAD STREET
P.O. BOX 1821
BRIDGEPORT, CT 06601-1821
TEL: (203) 368-0211
FAX: (203) 394-9901

158 DEER HILL AVENUE
DANBURY, CT 06810
TEL: (203) 792-2771
FAX: (203) 791-8149

320 POST ROAD WEST
WESTPORT, CT 06880
TEL: (203) 222-1034
FAX: (203) 227-1373

657 ORANGE CENTER ROAD
ORANGE, CT 06477
TEL: (203) 298-4066
FAX: (203) 298-4068



August 10, 2014
Page 2

office has not been retained as litigation counsel to the Debtor. Accordingly, I have not been authorized (nor is my application currently pending before the Bankruptcy Court) to represent the Debtor in any capacity. Thus, for least at the moment, the Debtor is unrepresented in this matter. In fact, I understand that the Debtor will take no steps towards undertaking the expense of retaining Connecticut counsel unless the stay is lifted and the actual need arises.

      The parties to this action are currently scheduled to appear before Judge Carey for further hearings on Plaintiff's motion for relief from the automatic stay on August 27, 2014 at 1:00 PM in Wilmington, DE. Neither party knows how (or even if) Judge Carey will rule on the plaintiff's motion at that time and given this circumstance, we feel that any effort to fast track a trial date would be certainly premature, and possibly a waste of time.

Respectfully submitted,

Vincent M. Marino

cc:    Robert S. Friedman, Esq. (via ECF & email)