UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAGECREST II, LLC | |
| Plaintiff, | |
| - against - | 3:13-cv-973-SRU |
| ACG CREDIT COMPANY II, LLC, ACG FINANCE COMPANY, LLC, FINE ART FINANCE, LLC, ART CAPITAL GROUP, LLC, ART CAPITAL GROUP, INC., ACG CREDIT COMPANY, LLC, and IAN S. PECK, | |
| Defendants. | |
| SAGECREST II, LLC | |
| Plaintiff, | |
| - against - | 3:13-cv-974-SRU |
| IAN S. PECK, ACG CREDIT COMPANY II LLC, ACG FINANCE COMPANY, LLC, FINE ART FINANCE LLC, ART CAPITAL GROUP, LLC, ART CAPITAL GROUP INC., and ACG CREDIT COMPANY, LLC, | |
| Defendants. | December 17, 2014 |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO COHEN AND WOLF, P.C.'s MOTION TO WITHDRAW

Oral Argument Requested

Plaintiff John D. Huber, as Trustee of the SageCrest Liquidating Trust ("Plaintiff"),[1] respectfully submits this memorandum of law in opposition to the motion (the "Motion") of Cohen and Wolf, P.C. ("C&W") to withdraw as counsel for Defendants ACG Credit Company II, LLC ("ACG-II"), ACG Finance Company LLC, Fine Art Finance, LLC, Art Capital Group, LLC, Art Capital Group, Inc., ACG Credit Company, LLC, and Ian S. Peck (collectively, "Defendants").

## Preliminary Statement

Ian Peck and his entities are attempting yet again to avoid trial. Throughout the litigation, Defendants have repeatedly sought to delay these proceedings. In fact, Defendants have already procured two eve of trial delays, in addition to several other *de facto* delays through their dilatory conduct in this action.

Defendants managed to secure the delay of a May 1, 2013, trial date in the Connecticut Bankruptcy Court overseeing SageCrest's reorganization, first by substituting their first set of attorneys with C&W, then (when that ploy did not result in an adjournment of the trial) by moving to withdraw the reference from the Connecticut Bankruptcy Court. Most recently, Defendants' obtained a delay of the June 18, 2014, trial in this action by having ACG-II file its own bankruptcy proceeding in the District of Delaware the night before the trial was scheduled to commence. Now, after Plaintiff obtained relief from the automatic stay in ACG-II's

---

[1]   Plaintiff is the successor-in-interest to SageCrest II, LLC ("SageCrest") because all of the assets of SageCrest (and others) were assigned to Plaintiff in accordance with the terms of a confirmed Plan of Reorganization. The term "Plaintiff" includes Mr. Huber, the SageCrest Liquidating Trust, and SageCrest.

bankruptcy proceedings, and with the February 2, 2015, trial before this Court on the horizon, Defendants are yet again seeking to delay the adjudication of this action by C&W's withdrawal.  This latest attempt to delay these proceedings should not be countenanced and C&W's motion to withdraw should be denied unless Defendants are ordered to proceed with the trial as scheduled on February 2, 2015.

## Relevant Facts

This case was scheduled to proceed to trial on June 18, 2014.  Defendants had consented to a firm trial date, after they obtained an adjournment of a previously set March 3, 2014, trial date. (Dkt. No. 35.)  After diligently preparing, and conferring extensively with Defendants to narrow the issues and evidence for trial, Plaintiff and his counsel were fully prepared to begin the trial on June 18, 2014. (Friedman Decl., ¶ 3.)  However, at approximately 9:00 p.m. on June 17, 2014 — hours before trial was scheduled to begin the following morning — counsel for the Defendants called counsel for SageCrest and advised that ACG-II had filed a voluntary petition for chapter 11 relief in the United States Bankruptcy Court for the District of Delaware. (Friedman Decl., ¶ 4.)  Based upon ACG-II's filing, the Defendants moved to stay the Connecticut Action and the trial. (Dkt. Nos. 69-70.)

When the parties appeared for trial the next morning, this Court indicated that it "doubt[ed] it's a coincidence" that ACG-II filed its bankruptcy petition on the eve of trial. (December 16, 2014, Declaration of Robert S. Friedman ("Friedman Decl."), Ex. A at p. 7.)  This Court also made clear that: "I hope you're back very quickly.  My goal is to try this case as well, and I'd like [to] get that done sooner rather than later." (*Id.* at p. 9)  To remain prepared for the trial to go forward, the

Court indicated that it would "keep the boxes of documents [containing the parties' trial exhibits]. We'll be ready to go." (*Id.*)

After ACG-II's bankruptcy filing, Plaintiff promptly sought relief from the automatic stay from the Delaware Bankruptcy Court in order to proceed with the trial of these claims. (Friedman Decl., Ex. B.) The Delaware Bankruptcy Court granted Plaintiff relief from the automatic stay to proceed with the trial in this action and ordered that the trial "shall commence on February 2, 2015 before the Connecticut District Court[.]" (Friedman Decl., Ex. C.) Defendants consented to the February 2, 2015, trial date and the mandatory language in the order on Plaintiff's motion for relief from the automatic stay. (Friedman Decl., Ex. D.)

This is not the first time that Defendants have sought to obtain a delay in this action by cycling through counsel. In fact, Defendants sought to obtain a similar delay when C&W's predecessor counsel withdrew their appearance and C&W substituted into this action as counsel approximately one month before the December 31, 2012, close of fact discovery, in an attempt avoid a May 1, 2013, trial before the Connecticut Bankruptcy Court. (Bankr. Dkt. No. 19.)[2] When that tactic failed to delay the trial, on April 4, 2013, approximately one month before the scheduled trial, the Defendants moved to withdraw the reference. (Bankr. Dkt. No. 34.) The Defendants did so despite having removed and consolidated these actions before the Connecticut Bankruptcy Court in the first place, and after over

---

[2]   "Bankr. Dkt. No. ___" shall refer to documents filed in the *SageCrest v. Peck, et al.*, Adversary Proceeding No. 10-05066, in the United States Bankruptcy Court for the District of Connecticut.

three years of proceeding before that court without objection.  While SageCrest had grounds to oppose the motion to withdraw the reference, SageCrest consented to the Defendants' withdrawal of the reference to avoid the delay that a decision on that motion would require and avoid any parallel or duplicative proceedings. (Friedman Decl., ¶ 9.)

Defendants have also sought to use the substitution of counsel as an excuse in their efforts to adjourn trials in other actions.  In fact, in *Hilton Head Holdings b.v. v. Peck*, Case No. 11-CIV-7768 (S.D.N.Y.), many of the Defendants herein sought to substitute counsel during the latter stages of those proceedings and sought an adjournment of similar deadlines.  The Honorable Katherine Forrest denied the substitution and the request for an adjournment.  *See Hilton Head Holdings v. Peck*, Case No. 11-CIV-7768, slip op. at p. 2 (S.D.N.Y. July 27, 2012) (Friedman Decl., Ex. E).  Subsequently, and in response to an inquiry by the proposed outgoing counsel for the Defendants, the Court clarified that it would "allow substitution of counsel if new counsel can comply with the current schedule." *Hilton Head Holdings v. Peck*, Case No. 11-CIV-7768, slip op. at p. 1 (S.D.N.Y. July 30, 2012) (Friedman Decl., Ex. F).  The defendants in that case subsequently retained new counsel that, per the court's order, complied with the existing deadlines under court order.

C&W seeks to withdraw because: "Defendants have failed to meet their obligations contained in their retainer agreement with Cohen and Wolf, P.C. There is a breakdown in the attorney-client relationship between Defendants and Cohen

and Wolf, P.C." (Motion at ¶ 1.)  To the extent C&W is seeking to withdraw based upon Defendants' non-payment of their attorneys' fees, Defendants' failure should come as no surprise.  This underlying case is rooted in Defendants' failure to pay amounts due under a Court-Ordered Settlement Agreement.  In addition, Defendants have habitually failed to pay their attorneys.  In fact, Hahn & Hessen LLP, Defendants' counsel in connection with their negotiations regarding the May 19, 2008 Settlement Stipulation and Mutual Release as well as the action in New York State Court from which certain claims in this action originated, recently obtained a jury verdict against most of these same Defendants for their non-payment of almost $1 million of attorneys' fees. (Friedman Decl., Ex. G.)

Defendants have similarly failed to pay their attorneys' fees on numerous other occasions.  Recently, Ashby & Geddes, P.A., counsel for the Defendants other than ACG-II in the Delaware bankruptcy proceeding, moved to withdraw based upon those Defendants' failure to pay attorneys' fees. (Friedman Decl., Ex. H.) Similarly, C&W's predecessor counsel, Sorin Rand LLP, filed a mortgage against Mr. Peck's personal vacation property to secure and ultimately obtain payment of $595,804.19 in unpaid legal fees. (Friedman Decl., Exs. I-J.) .

## Argument

The Connecticut Rules of Professional Conduct provide that "a Lawyer *may* withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(3) the client has used the lawyer's services to perpetrate a crime or fraud;

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

Connecticut Rule of Professional Conduct 1.16(b).  While the non-payment of fees may be a ground for permissive withdrawal, it must be specifically set forth as a basis for the withdrawal. *See Vachula v. Gen. Elec. Capital Corp.,* 199 F.R.D. 454, n. 5 (D. Conn. 2000).  In cases where a party has not retained replacement counsel or appeared *pro se*, Local Rule 7(e) only allows counsel to withdraw "where good cause exists for permitting the withdrawal[.]" *See* Local Rule 7(e).

In deciding whether to allow trial counsel to withdraw, courts also "must consider whether the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Vachula,* 199 F.R.D. at 458 (denying motion to withdraw as plaintiff's counsel where withdrawal would cause delay and case was otherwise ready for trial) (citations and quotation omitted).  In fact, when a case has already been delayed and is now ready for trial, courts generally deny a motion to withdraw

if such withdrawal would further delay the proceedings. *Id.* (citing *Malarkey v. Texaco, Inc.,* 1989 WL 88709, at * 2 (S.D.N.Y. July 31, 1989) (denying counsel's motion to withdraw where "already protracted" case was ready for trial); *Rophaiel v. Alken Murray Corp.,* 1996 WL 306457, at * 2 (S.D.N.Y. June 7, 1996) (denying motion to withdraw in light of litigation delay and noting that to hold otherwise would make it "too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees.")); *see also Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.,* 2014 WL 1087934, at *3 (S.D.N.Y. Mar. 19, 2014) (denying motion to withdraw where "case has a lengthy history of litigation" and the "trial date has already been postponed on two occasions" because the court would be "prejudiced, harmed or burdened" if the motion was granted and the trial was further delayed).

Defendants recently obtained an eve-of-trial adjournment by orchestrating ACG-II's bankruptcy filing the day before the June 18, 2014, trial was scheduled to commence. In the context of Plaintiff's motion for relief from the automatic stay, Defendants consented to the February 2, 2015, trial date and the Delaware Bankruptcy Court made that trial date mandatory in its order on the motion. (Friedman Decl., Exs. C-D.) Defendants will likely attempt to use C&W's withdrawal at this stage in the proceedings as a basis to further delay the trial. Such a delay should not be permitted. This case has already been delayed by Defendants' previous substitution of counsel, and Defendants' belated motion to withdraw the reference from the Connecticut Bankruptcy. (Bankr. Dkt. Nos. 19, 34.)

Finally, in the event this Court does permit C&W to withdraw from its representation of Defendants, this Court should dismiss Defendants' counterclaims and enter a default judgment against them in the event Defendants fail to "either engage successor counsel or file a pro se appearance" in a prompt manner that avoids disturbing the February 2, 2015, trial date. *See* Local Rule 7(e).[3] C&W provided Defendants with the necessary notice under Local Rule 7(e), and, in the event Defendants are not prepared to proceed with the trial on February 2, 2015, after their many efforts to delay it, default is entirely appropriate. *Id.*

---

[3] Because the Defendants other than Peck are corporate entities and cannot appear *pro se*, default should be entered against those Defendants if they fail to promptly engage successor counsel in order to avoid disturbing the February 2, 2015, trial date. *See Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (affirming default judgment where corporate defendant failed to retain counsel by date specified by district court); *see also* FED. R. CIV. P. 55(a).

## Conclusion

For all of the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order:  (1) denying C&W's motion to withdraw to the extent that it would delay the February 2, 2015, trial in this action; (2) alternatively requiring Defendants to either engage successor counsel with sufficient time to avoid disturbing the February 2, 2015 trial date, or be subject to default in this action; and (3) granting Plaintiff such further and different relief as the Court deems just and proper.

Dated:  December 17, 2014

PLAINTIFF JOHN D. HUBER, as Trustee of the SageCrest Liquidating Trust

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By: /s/Robert S. Friedman
  Robert S. Friedman (admitted *pro hac vice*)
  Mark E. McGrath (ct28814)
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700

- and -

ZEISLER & ZEISLER, P.C.
James Berman (ct06027)
10 Middle Street, 15th Floor
Bridgeport, CT 06604
Telephone: (203) 368-4234

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO COHEN AND WOLF, P.C.'s MOTION TO WITHDRAW was electronically filed via ECF, which effects service upon all parties who have entered an appearance in this case.

Dated this 17th day of December, 2014.

/s/Robert S. Friedman