UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAGECREST II, LLC<br><br>        Plaintiff,<br><br>   - against -<br><br>ACG CREDIT COMPANY II, LLC,<br>ACG FINANCE COMPANY, LLC,<br>FINE ART FINANCE, LLC, ART CAPITAL<br>GROUP, LLC, ART CAPITAL GROUP,<br>INC., ACG CREDIT<br>COMPANY, LLC, and IAN S. PECK,<br><br>        Defendants. | 3:13-cv-973-SRU |
| SAGECREST II, LLC<br><br>        Plaintiff,<br><br>   - against -<br><br>IAN S. PECK, ACG CREDIT COMPANY II<br>LLC, ACG FINANCE COMPANY, LLC,<br>FINE ART FINANCE LLC, ART CAPITAL<br>GROUP, LLC, ART CAPITAL GROUP INC.,<br>and ACG CREDIT COMPANY, LLC,<br><br>        Defendants. | 3:13-cv-974-SRU<br><br><br><br>January 8, 2015 |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
THE PREVIOUS MOTIONS *IN LIMINE* AND REQUEST THAT THE COURT TAKE
<u>JUDICIAL NOTICE OF THE *HAHN & HESSEN* LITIGATION JURY VERDICT</u>**

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT ................................................................................................1

RELEVANT FACTS .........................................................................................................2

    A.    The *Hilton Head* Motion *In Limine* ...........................................................2

    B.    The *Hahn & Hessen* Motion *In Limine*........................................................3

    C.    Recent Developments In The Related *Hahn & Hessen* Litigation .........................4

ARGUMENT .................................................................................................................5

I.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE *HAHN & HESSEN* JURY VERDICT PURSUANT TO FEDERAL RULE OF EVIDENCE 201........................................................................................................................5

II.    THE *HAHN & HESSEN* VERDICT IS ADMISSIBLE AS EVIDENCE AS IT IS HIGHLY PROBATIVE OF CLAIMS IN THIS ACTION AND NOT OVERLY PREJUDICIAL ...........................................................................................7

CONCLUSION..............................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*A.I. Trade Fin., Inc. v. Centro Internationale Handelsbank AG*
   926 F. Supp. 378 (S.D.N.Y. 1996) ..................................................................5

*In re ACG Credit Company, II, LLC*
   No. 14-11500 (KJC) (D. Del. Bankr.) .............................................................4

*Beechwood Restorative Care Ctr. v. Leeds*
   856 F. Supp. 2d 580 (W.D.N.Y. 2012) ...........................................................8

*LaFleur v. Whitman*
   300 F.3d 256 (2d Cir. 2002) ............................................................................5

*Lia v. Saporito*
   909 F. Supp. 2d 149 (E.D.N.Y. 2012) .............................................................5

*Miller v. News Syndicate Co.*
   445 F.2d 356 (2d. Cir. 1971) ...........................................................................5

*Rose v. Plastikon Inc.*
   2014 WL 1230511 (N.D. Cal. Mar. 21, 2014) .................................................6

*In re Trilegiant Corp., Inc.*
   No. 3:12-CV-00396 (VLB), 2014 WL 1315244 (D. Conn. Mar. 28, 2014).............5

*U.S. v. Rivera-Alvarado*
   472 Fed. Appx. 746 (9th Cir. 2012) .................................................................6

*U.S. v. White*
   692 F.3d 235 (2d Cir. 2012) ............................................................................7

<u>Other Authorities</u>

Fed. R. Civ. P. 12(b)(1)............................................................................................4

Fed. R. Evid.

   201..................................................................................................2, 3, 5, 6

   401..........................................................................................................7

   403..................................................................................................2, 3, 7, 8

Neil Luria, as Trustee of the SageCrest Liquidating Trust and the proposed plaintiff in these actions, and Plaintiff John D. Huber, as the former Trustee of the SageCrest Liquidating Trust (collectively, "Plaintiff"),[1] respectfully submit this supplemental memorandum of law in support of the pre-trial motions *in limine* for this Court to take judicial notice of and admit into evidence the (1) Opinion and Order entered in the action captioned *Hilton Head Holdings b.v. v. Peck,* No. 1:11-cv-7768-KBF, dated November 20, 2012 (the "*Hilton Head* MIL") (Dkt. No. 53), and (2) the decision and order in *Hahn & Hessen LLP v. Peck et al.,* No. 603122/2008 (Sup. Ct. N.Y. Cnty. 2013) (the "*Hahn & Hessen* MIL" and, together with the *Hilton Head* MIL, the "Motions") (Dkt. No. 54).  Plaintiff respectfully requests herein that, at the upcoming trial, the Court take judicial notice, pursuant to Federal Rules of Evidence ("FRE") 201, 401 and 403, of the jury verdict in *Hahn & Hessen LLP v. Peck et al.,* No. 603122/2008 (Sup. Ct. N.Y. Cnty.) (the "*Hahn & Hessen* Litigation"), wherein the jury found that all of the Defendants herein except ACG Credit Company II, LLC ("ACG-II") were alter egos of one another.

## SUMMARY OF ARGUMENT

After Plaintiff filed the Motions, the action commenced by Defendants' former attorneys, Hahn & Hessen LLP ("H&H"), against Defendants (and other entities owned and controlled by Defendant Ian S. Peck ("Peck")) for non-payment of almost $1 million in legal fees proceeded to trial.  After the testimony, the jury rendered a verdict in favor of H&H on all claims, including a

---

[1] Mr. Luria is the successor trustee to Mr. Huber.  On January 6, 2015, a motion to substitute Mr. Luria as the plaintiff in these actions was filed.  Because Mr. Luria has succeeded Mr. Huber as the Trustee of the SageCrest Liquidating Trust, the term "Plaintiff" refers to Messrs. Luria and Huber, the SageCrest Liquidating Trust, and SageCrest II, LLC ("SageCrest").  All of the assets of SageCrest (and others) were assigned to the SageCrest Liquidating Trust in accordance with the terms of a Plan of Reorganization.

verdict that all the Defendants except ACG-II were alter egos of one another.[2]  That jury verdict is relevant to this action and this Court should take judicial notice of that verdict because it is the second time that a trial has resulted in a finding of alter ego liability for common Defendants herein.  As parties to the *Hahn & Hessen* Litigation, all of the Defendants except ACG-II had a full and fair opportunity to address and litigate these issues.  The same is true of all Defendants, including ACG-II, in the *Hilton Head* action.  Because all of the Defendants have been found to be alter egos of one another in either or both of those actions, the alter ego findings are relevant to these actions and the probative value of the jury verdict in the *Hahn & Hessen* Litigation is not substantially outweighed by any prejudice of introducing and taking judicial notice of that verdict.  Accordingly, the Court should take judicial notice of the jury verdict in the *Hahn & Hessen* Litigation, and admit it into evidence at trial.

## RELEVANT FACTS

### A.    The *Hilton Head* Motion *In Limine*

On June 11, 2014, Plaintiff filed the *Hilton Head* MIL in this action, requesting that the Court take judicial notice of and admit into evidence the Opinion and Order entered in the action captioned *Hilton Head Holdings b.v. v. Peck,* No. 1:11-cv-7768-KBF, dated November 20, 2012 (the "Forrest Opinion"), pursuant to FRE 201 and FRE 403.  *Hilton Head Holdings,* No. 1:11-cv-7768-KBF, Docket No. 104 (S.D.N.Y. Nov. 20, 2012), *vacated* 2012 WL 5871610 (S.D.N.Y. Oct. 29, 2013).

Plaintiff's *Hilton Head* MIL concerns the Honorable Katharine B. Forrest's finding, after a two-day bench trial, that the Defendants in the instant action and three additional entities were alter egos of one another.  (*See* Dkt. No. 53, p. 3.)  Judge Forrest's Opinion is relevant to the

---

[2] The only reason that ACG-II was not included in the trial is that ACG-II filed its voluntary bankruptcy and H&H subsequently decided to sever ACG-II from the trial.

instant litigation, as it concerns all of the Defendants herein, contains a finding specifically regarding the Defendants' alter ego status based on a bench trial and the same facts asserted in the instant action, and is founded on some of the same evidence—in fact less—that Plaintiff will introduce at trial here. (Dkt. No. 53, p. 9.)

The *Hilton Head* MIL further argues that the very same Defendants herein had a full and fair opportunity to defend themselves during the *Hilton Head* action and, in fact, affirmatively misled Judge Forrest by seeking to vacate the Forrest Opinion despite their knowledge that vacatur would impact non-parties (namely Plaintiff). Accordingly, Defendants cannot argue that taking judicial notice of the Forrest Opinion regarding alter ego status pursuant to FRE 201 and introducing that opinion into evidence would be in any way prejudicial, let alone so prejudicial as to overcome its probative value pursuant to FRE 403. (Dkt. No. 53, pp. 9-10.)

**B.    The *Hahn & Hessen* Motion *In Limine***

Plaintiff also filed the *Hahn & Hessen* MIL on June 11, 2014, requesting that the Court (i) take judicial notice of the November 2013 decision and order of Justice Barbara Jaffe of the Supreme Court of the State of New York (the "Jaffe Opinion"), in which Justice Jaffe granted summary judgment to H&H on a malpractice counterclaim in the separate but related *Hahn & Hessen* Litigation; and (ii) preclude Defendants, based on the Jaffe Opinion, from arguing that certain collateral is the sole recourse for Plaintiff in the event of a default or breach by Defendants of the settlement agreement between Plaintiff and Defendants. (*See* Dkt. No. 54.)

H&H, Defendants' former counsel responsible for the negotiation of the So-Ordered Settlement Stipulation, sued the Defendants herein for unpaid legal fees, most of which were owed in connection with the negotiation of the So-Ordered Settlement Stipulation. In response to H&H's claims, Defendants asserted malpractice claims against the firm for, in relevant part, negligently drafting the So-Ordered Settlement Stipulation. (Dkt. No. 54, p. 2.) After summary

-3-

judgment motions were made, Justice Jaffe held that there were no material issues of fact because the facts were clear that Defendants knew that there was no "sole recourse" provision contained in the So-Ordered Settlement Stipulation. Accordingly, Justice Jaffe granted summary judgment to H&H on Defendants' malpractice claim. (Dkt. No. 54, pp. 3-4.) Because the Jaffe Opinion already found that the collateral at issue was not Plaintiff's sole recourse pursuant to the So-Ordered Settlement Stipulation, this Court should take judicial notice of that opinion for the purpose of estopping Defendants from presenting that same meritless argument in this litigation.[3]

## C.    Recent Developments In The Related *Hahn & Hessen* Litigation

On September 30, 2014, after days of testimony by Zachary Newman (the partner responsible for the representation of many of the Defendants in connection with the negotiation of the So-Ordered Settlement Stipulation), a jury rendered a verdict finding that the Defendants in this action (except for ACG-II[4] are, in fact, alter egos of one another for purposes of liability.[5] The following question was presented to the jury: "Did Peck dominate and control any of the following business entities such that he personally and the business operated as a single economic entity that perpetrated an injustice on plaintiff, beyond solely the nonpayment of the amounts determined to be owed, and such that he is to be held personally responsible for the amounts these entities owe?" (*See* McGrath Decl. Ex. 2, at 435:11-18.) The jury answered "yes" as to Defendants Art Capital Group LLC, Art Capital Group Inc., Fine Art Finance LLC,

---

[3] Defendants asserted this same "sole recourse" argument in their March 25, 2014 motion to dismiss Plaintiff's claims in the instant action. (*See* Dkt. No. 37-1, Defendants' Memorandum of Law in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1).)

[4] As reflected in Mr. Newman's testimony, ACG-II was not included in this finding because that entity filed for bankruptcy on June 17, 2014 (*see In re ACG Credit Company, II, LLC*, No. 14-11500 (KJC) (D. Del. Bankr.)), and "was severed from th[e] trial." (*See* January 8, 2015 Declaration of Mark E. McGrath (the "McGrath Decl.") Ex. 1, 275:4-7.)

[5] *See* McGrath Decl. Ex. 2, excerpts from the September 30, 2014, proceedings before the Honorable Lucy Billings, J.S.C., in the *Hahn & Hessen* Litigation.

ACG Credit Company LLC, and ACG Finance Company LLC. That verdict was unanimous. (*See* McGrath Decl. Ex. 2, at 435:18-436:4.)

## ARGUMENT

### I.

### THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE *HAHN & HESSEN* JURY VERDICT PURSUANT TO FEDERAL RULE OF EVIDENCE 201

FRE 201(b) enables the Court to "judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be questioned." FRE 201(b).  Courts in the Second Circuit have held  that "prior pleadings, orders, judgments, and other items appearing in the court records"[6] of a separate or prior litigation are judicially noticeable,[7] including testimony and jury verdicts or findings in separate actions.  *See Miller v. News Syndicate Co.*, 445 F.2d 356, 357 n.1 (2d. Cir. 1971) (taking judicial notice of the fact that appellant had been acquitted by the jury in previous trial regarding statutory charges); *Lia v. Saporito*, 909 F. Supp. 2d 149, 178 (E.D.N.Y. 2012) (taking judicial notice of fact that deposition testimony from prior action contained certain statements for purposes of judicial estoppel).  More specifically, a court may take judicial notice of findings, decisions, pleadings, or other items in court records for the purpose of recognizing the existence of such decision or other item, usable as evidence of the facts and opinions stated therein.  *See A.I. Trade Fin., Inc. v. Centro Internationale Handelsbank AG,* 926 F. Supp. 378, 388 (S.D.N.Y. 1996) (taking judicial notice of existence of foreign court judgment, noting that, even though the court could

---

[6] *In re Trilegiant Corp., Inc.*, No. 3:12-CV-00396 (VLB), 2014 WL 1315244, at *40 (D. Conn. Mar. 28, 2014) (quotations and citation omitted).

[7] *See, e.g., LaFleur v. Whitman,* 300 F.3d 256, 267 n.1 (2d Cir. 2002) (taking judicial notice of "the state court record" of a separate action).

not consider it as "truth of the facts and opinions," the judgment was nonetheless "usable as *evidence* of the facts and opinions stated therein") (emphasis added).

Courts have explicitly recognized that the records that they may take judicial notice of include jury verdicts, because jury verdicts clearly meet the requirements under FRE 201(b). *See, e.g., U.S. v. Rivera-Alvarado*, 472 Fed. Appx. 746, 746-47 (9th Cir. 2012). In *Rivera-Alvarado*, the Ninth Circuit affirmed the district court's admission of a jury verdict against the defendant during a subsequent evidentiary hearing. *Id.* There, the Circuit Court found that FRE 201(b)'s requirement that a judicially noticed fact "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" was "plainly" met by the jury verdict in question. *Id.* (quoting FRE 201(b)). Similarly, in *Rose v. Plastikon Inc.*, 2014 WL 1230511, at *4 (N.D. Cal. Mar. 21, 2014), the United States District Court for the Northern District of California agreed to take judicial notice of several court records from an action filed two years earlier by the same plaintiff in connection with a motion to dismiss. The records considered by the Court included the complaint, as well as the jury verdict and entry of judgment based upon that verdict. *Id.*

Here, the jury verdict was rendered during proceedings in the *Hahn & Hessen* Litigation and is clearly set forth and readily identifiable within the official transcripts of those proceedings before the court. These official transcripts unquestionably reflect the fact that the jury rendered its verdict at the conclusion of the trial before Justice Billings in the Supreme Court of the State of New York, County of New York. These official transcripts further reflect, without question, that the verdict was stated on the record in the *Hahn & Hessen* Litigation. Accordingly, the requirements of FRE 201(b) are plainly met and the Court may take judicial notice of the jury verdict regarding alter ego liability rendered in the *Hahn & Hessen* Litigation.

## II.

## THE *HAHN & HESSEN* VERDICT IS ADMISSIBLE AS EVIDENCE AS IT IS HIGHLY PROBATIVE OF CLAIMS IN THIS ACTION AND NOT OVERLY PREJUDICIAL

FRE 401 establishes that "[e]vidence is relevant if:  (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Pursuant to FRE 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following:  unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  However, "[FRE] 403 favors admissibility:  evidence is only excluded when its probative value is *substantially outweighed* by the prejudice of jury confusion."  *See U.S. v. White*, 692 F.3d 235, 247-48 (2d Cir. 2012) (finding that probative value of prior adverse credibility finding relating to witness from unrelated case substantially outweighed any potential for jury confusion or prejudice) (emphasis in original).

The jury verdict from the *Hahn & Hessen* Litigation is relevant to and highly probative of the claims at issue in these actions.  In addition to that verdict, the Forrest Opinion reached the same conclusion, namely, that the Defendants herein are alter egos of one another.  The fact that two separate fact finders have concluded that common Defendants herein are alter egos of one another (*see* Dkt. No. 53, pp. 3-4), is highly probative of whether such an alter ego relationship exists.  Plaintiff seeks remedies in this action based upon on the alter ego status of Defendants.  The jury verdict in the *Hahn & Hessen* Litigation was rendered after a full trial before Judge Billings and a jury, Defendants were similarly represented by counsel and were active participants.  The jury in the *Hahn & Hessen* Litigation rendered its verdict against all of the Defendants herein except ACG-II based on a mere fraction of the very same evidence that Plaintiff plans to introduce at trial in this action.  Thus, the high probative value of the jury verdict from the *Hahn & Hessen* Litigation cannot realistically be "*substantially outweighed*" by

any potential prejudicial effect.  *See* FRE 403 (emphasis added); *see also Beechwood Restorative Care Ctr. v. Leeds,* 856 F. Supp. 2d 580, 590 (W.D.N.Y. 2012) (taking judicial notice of state court decision where decision was "probative" of a central issue and "not overly prejudicial").

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order taking judicial notice of and permitting Plaintiff to introduce the jury verdict from the *Hahn & Hessen* Litigation into evidence.

Dated:  January 8, 2015           NEIL LURIA, as Trustee of the SageCrest Liquidating
                                  Trust, and JOHN D. HUBER, as former Trustee of the
                                  SageCrest Liquidating Trust

                                  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                                  By: /s/ Mark E. McGrath
                                       Robert S. Friedman (admitted *pro hac vice*)
                                       Mark E. McGrath (ct28814)
                                  30 Rockefeller Plaza
                                  New York, New York 10112
                                  Telephone:  (212) 653-8700

                                        - and -

                                  ZEISLER & ZEISLER, P.C.
                                  James Berman (ct06027)
                                  10 Middle Street, 15th Floor
                                  Bridgeport, CT 06604
                                  Telephone: (203) 368-4234

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE PREVIOUS MOTIONS *IN LIMINE* AND REQUEST THAT THE COURT TAKE JUDICIAL NOTICE OF THE *HAHN & HESSEN* LITIGATION JURY VERDICT was electronically filed via ECF, which effects service upon all parties who have entered an appearance in this case. Dated this 8th day of January, 2015.


_____ /s/ Mark E. McGrath _____